UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03540-STV

FAITH GERMAN, and
ASHLYN HOFFMAN, on behalf of themselves and those similarly situated,

        Plaintiffs,

    v.

HOLTZMAN ENTERPRISES, INC., d/b/a Great Clips – HEI,

        Defendant.

---

### FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiffs Faith German and Ashlyn Hoffman, on behalf of themselves, a class, and a collective of similarly situated individuals, by and through their attorneys, HKM Employment Attorneys, LLP, bring this First Amended Collective and Class Action Complaint and Jury Demand ("Complaint") against Holtzman Enterprises, Inc., d/b/a Great Clips - HEI ("Defendant" or the "Company"), and, in support thereof, allege as follows:

#### PRELIMINARY STATEMENT

1.     This is a class and collective action lawsuit brought by Plaintiffs on behalf of a class of similarly situated individuals who were employed by Defendant to recover damages, injunctive and declaratory relief, costs, attorneys fees, and other appropriate relief resulting from the Company's failure to pay overtime wages, in violation of Colorado law and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").  Defendant also systemically failed and

upon information and belief continues to fail to appropriately track its employees' time and pay its employees for all time worked by automatically deducting 30 minutes each day for lunches while often not permitting a lunch break and failing to provide the 10-minute breaks required by Colorado law.

2.    Plaintiffs therefore bring this action on behalf of similarly situated current and former employees of Defendant, pursuant to 29 U.S.C. § 216 and Colorado law for: (1) regular wages from Defendan for work performed for which they received no wages; (2) overtime wages for work performed for which they did not receive overtime pay; (3) liquidated damages for Defendant's willful FLSA violations; (4) statutory penalties as applicable under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* for Defendant's willful failure to provide payment of all current and former employees' unpaid wages within 14 days of service of this Complaint; (5) costs; and (6) attorneys' fees.

## **PARTIES**

3.    Plaintiffs hereby incorporate all the paragraphs of this Complaint as though set forth fully and separately herein.

4.    Plaintiff Faith German is Defendant's former employee.  Ms. German is, and at all times relevant to this Complaint was, a resident of Colorado.  Ms. German has signed a written consent to be a named Plaintiff in a Fair Labor Standards Act collective action.  *See* Ms. German's Consent to be Party Plaintiff, **Exhibit A**.

5.    Plaintiff Ashlyn Hoffman is also Defendant's former employee.  Ms. Hoffman is, and at all times relevant to this Complaint was, a resident of Colorado.  Ms. Hoffman has signed a written consent to be a named Plaintiff in a Fair Labor Standards Act collective action.  *See* Ms.

Hoffman's Consent to be a Party Plaintiff, **Exhibit B**.

6.      At all times relevant to this Complaint, Defendant Holtzman Enterprises, Inc. was a Missouri corporation with a principal office street address at 8501 Turnpike Drive, Suite 103, Westminster, Colorado 80031.

7.      At all times relevant to this Complaint, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      At all times relevant to this Complaint, Defendant has been an "employer" of Plaintiffs in a covered industry as defined by the Colorado Minimum Wage Order and the Colorado Minimum Wage Act.

9.      At all times relevant to this Complaint, Defendant has further been an "employer" pursuant to the Colorado Wage Act, C.R.S. § 8-4-101(6).

## JURISDICTION AND VENUE

10.      Plaintiffs incorporate by reference the above paragraphs as though set forth separately and fully herein.

11.      Plaintiffs' claims, both individually and on behalf of Class Members, are brought pursuant to the FLSA, which authorizes lawsuits by private parties to recover damages for violations of its wage and hour provisions, and the Court therefore has original jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## FACTUAL ALLEGATIONS

14.    Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

15.    Defendant owns and operates approximately 39 hair salons in Colorado. Upon information and belief, Defendant has employed hundreds of hourly, non-exempt employees in Colorado over the course of the past three years.

16.    Upon information and belief, each of Defendant's salons is subject to the same payment policies described herein with respect to Defendant's failure to properly pay overtime compensation, Defendant's automatic 30-minute meal break deduction, Defendant's failure to provide rest breaks, and Defendant's failure to provide compensation for mandatory "off-the-clock" work and uninterrupted meal breaks, during which times employees predominantly performed work for the benefit of Defendant.  For example, upon information and belief, during all times relevant, all of Defendant's salons have been subject to the control of the same centralized management personnel, including Defendant's senior manager, Ponnie Brooks, who supervised the managers at each salon location in Colorado.

17.    Under Colorado law, Defendant is required to track the number of hours its employees work; regularly pay its hourly employees for their time worked; and keep accurate records thereof.  *See* Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("Wage Act"); Colorado Minimum Wage Order No. 35, 7 CCR 1103-1:3, 12 ("CMWO"); *see also* the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.* ("CMWA").  If an employer fails to do so, an employee is entitled to bring a private cause of action to recover for the time worked without compensation.

18.     Ms. German worked for Defendant from approximately June 2014 through

December 2014.  Ms. German began working for Defendant again in or around December 2016 through 2017.   In or around January 2019, Ms. German again returned to work for Defendant as both a Hairstylist and a Salon Manager until approximately August 8, 2019.  While employed by Defendant, Ms. German worked in three of Defendant's salon locations in Glendale, Aurora, and Castle Rock, Colorado.  Regardless of the salon location where Ms. German worked, Defendant's payment policies and practices described herein were consistently enforced by Defendant's centralized management.

19.    During Ms. German's employment with Defendant, Ms. German was paid $14.00 hourly, regardless of whether she was performing duties as a Hairstylist or a Salon Manager.

20.    During Ms. German's employment with Defendant, Ms. German frequently worked hours that entitled her to overtime pay.

21.    Ms. Hoffman worked for Defendant between approximately November 2017 through November 2018 as a Hairstylist.  Ms. Hoffman returned to work for Defendant for approximately one month in or around February 2019.  While employed by Defendant, Ms. Hoffman worked at various salon locations in Castle Rock, Colorado.  At each salon location where Ms. Hoffman worked, Defendant's payment policies and practices described herein were consistently enforced by Defendant's centralized management.

22.    During Ms. Hoffman's employment with Defendant, Ms. Hoffman was paid $12.00 hourly.

23.    During Ms. Hoffman's employment with Defendant, Ms. Hoffman frequently worked hours that entitled her to overtime pay.

24.    Section 7 of Colorado's Wage Order governing meal periods states:

> Employees shall be entitled to an uninterrupted and 'duty free' meal period of at least a thirty minute duration when the scheduled work shift exceeds five consecutive hours of work. The employees must be completely relieved of all duties and permitted to pursue personal activities to qualify as a non-work, uncompensated period of time. When the nature of the business activity or other circumstances exist that makes an uninterrupted meal period impractical, the employee shall be permitted to consume an 'on-duty' meal while performing duties. Employees shall be permitted to fully consume a meal of choice 'on the job' and be fully compensated for the 'on-duty' meal period without any loss of time or compensation.

7 Colo. Code Regs. § 1103-1:7.

25.     At every salon location where Plaintiffs worked, Defendant automatically deducted 30 minutes from employees' work time each day, irrespective of whether the employees were able to take a bona fide 30-minute meal break. Fayrnn Terease, Defendant's former General Manager, and Ponnie Brooks, Defendant's District Manager, told Ms. German that automatic 30-minute meal break deductions were mandatory even when employees did not receive a 30-minute meal break, or any meal break at all. Ms. Hoffman also consistently had 30-minute automatic meal break deductions applied to her hours during her employment with Defendant, though she only received an uninterrupted 30-minute meal break approximately twice a month on average. At all other times, Ms. Hoffman and similarly situated employees of Defendant's were not completely relieved of duty during a 30-minute meal period and were instead required to provide services and complete tasks that were predominantly for the benefit of Defendant.

26.     If Ms. German did receive a meal break during her employment with Defendant, she was frequently required to work during her 30-minute meal breaks, when she was expected to perform duties as a Salon Manager, primarily for the benefit of Defendant. However, Ms. German was expected to clock out for her 30-minute meal break. The work Ms. German performed during the meal breaks she did receive, which were often shorter than 30 minutes, went uncompensated,

though Ms. German would spend that time doing paperwork, making schedules, calling clients, performing one-on-one meetings with staff, reconciling coupons with services provided, etc.

27.    As a result of deducting time for and failing to compensate employees for work performed during meal breaks that never actually occurred, and during which Plaintiffs and similarly situated employees actually worked for the benefit of Defendant, the paystubs for Plaintiffs and those similarly situated did not reflect all the time they worked.

28.    Ms. German complained to Ms. Terease and Ms. Brooks about the automatic 30-minute meal deductions, given that she personally witnessed employees routinely not receive a 30-minute, uninterrupted or bona fide meal break.  Defendant continued to enforce its automatic 30-minute meal deduction policy, telling Ms. German that the practice was the Company's policy.

29.    In addition, Section 8 of the Colorado Wage Order provides that "[a] compensated ten (10) minute rest period for each four (4) hours or major fractions thereof shall be permitted for all employees."  7 Colo. Code Regs. § 1103-1:8.

30.    During the overwhelming majority of the time working for Defendant, Plaintiffs did not receive any 10-minute rest breaks.  The Company expected Plaintiffs and similarly situated employees to work without breaks, particularly if there were customers waiting in the salons' lobbies.  For example, Ms. Hoffman sometimes performed dozens of haircuts herself per day, with only two people working in the salon.  Due to Defendant's failure to provide coverage for employees to take rest breaks daily, Ms. Hoffman received a rest break at most 1-2 times per month while working for Defendant.  This occurred regardless of the salon where Ms. Hoffman worked, and Ms. Hoffman personally witnessed other employees of Defendant's similarly subjected to the same policies and practices that failed to permit daily, 10-minute rest breaks.

31.     Similarly, at all the salon locations where Ms. German worked, employees were not allowed to take daily, 10-minute rest breaks because of the salons' short-staffed, busy schedules and the fact that employees' performance was judged, and bonuses were earned, based on customer wait times and hourly productivity.  This occurred regardless of the salon where Ms. German worked, and Ms. German personally witnessed other employees of Defendant's that were similarly subjected to the same policies and practices that failed to permit daily, 10-minute rest breaks.

32.     As a result of not being provided the 10-minute breaks, Plaintiffs and those similarly situated were not paid for 10 minutes of time they should have been paid for during each of the 4 hours they worked without a break.

33.     Upon information and belief, Defendant also failed to properly calculate and compensate Plaintiffs and similarly situated employees for hours worked in excess of 40 hours each week.

34.     For example, on June 10, 2019, Ms. German worked 89.42 hours.  At a minimum, Ms. German was entitled to 9.42 hours paid at a rate of time and one-half her regular rate of pay. At Ms. German's regular rate of $14.00 hourly, Ms. German would be entitled, at a minimum, to $197.82 in overtime pay (calculated at $21.00 overtime rate multiplied by 9.42 hours).  Defendant only paid Ms. German $160.44 in overtime wages on June 10, 2019.

35.     Ms. German and other similarly situated employees were also regularly required to perform "off-the-clock" work that went uncompensated during their employment with Defendant. For example, approximately twice each week, management required Ms. German to be at the salon approximately 30-45 minutes early before her shift to do pre-shift work for the benefit of

Defendant.  However, Ms. German was instructed not to clock in when she was required to begin working, and to instead clock in no sooner than 10 minutes before her scheduled shift.  Ms. German personally witnessed other similarly situated employees of Defendant's that were also required to arrive at the salon early to perform mandatory pre-shift work for the benefit of Defendant before clocking in at or several minutes prior to their scheduled shifts.

36.     Similarly, Ms. Hoffman was required to arrive at the salons she worked at approximately 20-30 minutes early before each shift to perform mandatory pre-shift work for the benefit of Defendant.  Yet, Ms. Hoffman was not compensated for this work because her Manager, Monica Nelson, instructed her to wait to clock in until the beginning of her scheduled shift.  During the approximately 20-30 minutes Ms. Hoffman performed pre-shift duties without compensation she was performing tasks that were predominantly for the benefit of Defendant, including, without limitation, cleaning equipment, counting the drawer, fixing the product shelves, sweeping, doing laundry, and taking out the trash, in addition to other duties performed with the other employee(s) scheduled to work at her salon location for the day.  Ms. Hoffman personally observed other employees of Defendant's being required to perform pre-shift duties without pay at the salons at which she worked.

37.     At the end of Ms. German's shifts at the salons at which she worked, Ms. German was additionally instructed to immediately clock out as soon as the last customer left the salon for the day, even though there was always approximately 30 minutes or more of post-shift cleaning duties that had to be performed by Ms. German and other employees before each respective salon could close for the day.  Ms. German personally observed other employees at the various salons at which she worked that were similarly required to perform cleaning duties for the benefit of

Defendant after clocking out, which was required as soon as the last customer at the salon left but before the employees' shifts could end for the day.

## FLSA COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

39.     Pursuant to 29 U.S.C. § 207, Plaintiffs bring this FLSA collective action on behalf of themselves and all other similarly situated, non-exempt hourly employee (hereinafter, "Hourly Employees") pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the FLSA.

40.     Pending any modifications necessitated by discovery, Plaintiffs bring this action under the FLSA on behalf of the following preliminarily defined collective class of similarly situated employees:

> *All hourly, non-exempt employees who worked for Defendant in the State of Colorado any time within three years of the filing of this Complaint through final disposition of this case (the "Collective Action Period"), who did not receive overtime compensation (the "Collective Action Class").*

41.     Plaintiffs are members of the Collective Action Class because they each worked for Defendant as non-exempt, hourly employees who were subject to Defendant's practice of not paying overtime for all hours worked in excess of forty (40) hours per workweek during the Collective Action Period

42.     At all relevant times, Plaintiffs and all current and former Hourly Employees are and have been similarly situated and have been subjected to Defendant's common policies that deprived the Collective Action Class of payment for all overtime worked.  Plaintiff and all putative

members of the Collective Action Class were therefore together the victims of the same decisions, policies or plans with respect to Defendant's policies of automatically deducting 30-minute meal breaks, failing to provide rest breaks, and failing to properly calculate and compensate Hourly Employees for all overtime worked in excess of forty (40) hours per workweek.

43.     Plaintiffs, individually and on behalf of other similarly situated Hourly Employees, therefore seek relief on a collective basis and challenge Defendant's practices, which, as set forth above, operate in a manner which fails to pay for time Plaintiffs and the Hourly Employees worked in excess of forty (40) hours per workweek to the benefit of Defendant.

44.     The precise number and identity of other persons yet to opt-in and consent to be members of the Collective Action Class can be easily ascertained by using Defendant's payroll and personnel records, and potential class members may easily and quickly be notified of the pendency of this action by electronic and regular mail.  Plaintiffs request that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime wages, liquidated damages under the FLSA, and all other relief requested herein.

45.     There are easily hundreds of similarly situated current and former Hourly Employees of Defendant's that would benefit from the issuance of court-supervised notice and an opportunity to join the present action.

46.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the Collective Action Class.

## CLASS ACTION ALLEGATIONS

47.     Plaintiffs incorporate by reference the above paragraphs as though set forth fully

and separately herein.

48.     Defendants engaged in common acts, practices and policies that violated Plaintiffs'
and the Hourly Employees' rights under Colorado state wage and hour laws.   Accordingly,
Plaintiffs bring claims for relief on their own behalf and as representatives of a class pursuant Rule
23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure to recover unpaid regular rate
and/or minimum wages related to Defendant's failure to provide bona fide meal and rest breaks
and requiring "off-the-clock" work, unpaid overtime compensation due to same, statutory
penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's
violation of Colorado law.

49.     Pending any modifications necessitated by discovery, Plaintiffs bring this action on
behalf of proposed class members ("Class Members"), preliminarily defined as:

> *All hourly, non-exempt employees who worked for Defendant in the State of*
> *Colorado any time within six years of the filing of this Complaint through*
> *final disposition of this case (the "Class Action Period"), who did not*
> *receive compensation for time worked and/or overtime on account of*
> *Defendants' payment policies and practices and/or who were prevented*
> *from taking legally-mandated breaks (the "Colorado Class").*

50.     This action is properly maintained as a class action under Rule 23(a) and Rule 23(b)
because: (i) the Colorado Class is so numerous that joinder of all members is impracticable; (ii)
there are questions of law or fact that are common to the Colorado Class; (iii) the claims of
Plaintiffs are typical of the claims of the Colorado Class; and (iv) Plaintiffs will fairly and
adequately protect the interests of the Colorado Class.

**Numerosity.**

51.     The number of persons who are Class Members, as described above, is so numerous
that joinder of all Class Members in one action is infeasible and impracticable.  Plaintiffs estimate

on information and belief that the total number of putative Colorado Class members represents hundreds of employees.  The precise number of Colorado Class members can be easily ascertained using Defendant's personnel and payroll records.

**Commonality.**

52.     There are numerous and substantial questions of law and fact common to the Colorado Class members, including, without limitation, the following:

a.      Whether Defendant instituted, maintained and enforced a policy of automatically deducting 30-minute meal breaks, regardless of whether an uninterrupted and/or bona fide 30-minute meal break was taken by employees;

b.      Whether Defendant instituted, maintained and enforced a policy that failed to permit or prohibited employees from taking paid 10-minute breaks for each of the four (4) hours, or major fractions thereof, that employees worked;

c.      Whether Defendant required or failed to permit employees to predominately perform work for the benefit of Defendant during meal breaks that were taken by employees;

d.      Whether Defendant required employees to perform uncompensated pre-shift duties for the benefit of Defendant;

e.      Whether Defendant required employees to perform uncompensated work at the end of their shifts for the benefit for Defendant;

f.      Whether Defendant failed to pay Class Members overtime compensation for hours worked in excess of (i) 40 hours per workweek, (ii) twelve (12) hours per workday, or (iii) twelve (12) consecutive hours without regard to the starting and ending time of the workday;

g.      Whether Defendant acted willfully in failing to pay Class Members properly

for all the time they have actually worked, including all overtime wages; and

        h.    The extent of the appropriate measure of injunctive and declaratory relief for the Colorado Class.

53.    Plaintiff anticipates that Defendants will further raise defenses that are common to the Colorado Class.

**Typicality.**

54.    The claims asserted by Plaintiffs are typical of the Class Members they seek to represent.  Plaintiffs have the same interests and suffer from the same unlawful practices as the Colorado Class Members.

55.    Plaintiffs are members of the Colorado Class as hourly, non-exempt former employees of Defendant's that were subjected to Defendant's common pay practices described herein, which deprived Plaintiffs of payment for all hours worked.

56.    Plaintiffs' claims therefore stem from the same practices or course of conduct that form the basis of the Colorado Class claims.

57.    All of the Class Members' claims are based on the same facts and legal theories.

58.    There is no antagonism between Plaintiffs' interests and the Class Members' interests, because their claims are for damages provided to each individual employee by statute.

59.    The injuries that Plaintiffs suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

**Adequacy.**

60.    Plaintiffs will fairly and adequately protect the interests of all members of the

Colorado Class, and there are no known conflicts of interest between Plaintiffs and the Class Members.

61.    Plaintiffs, moreover, have retained counsel experienced in handling wage-and-hour cases and complex litigation who have already devoted substantial time and resources to investigating the Class Members' claims and who will vigorously prosecute this litigation.

**Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits.**

62.    The common questions identified above predominate over any individual issues, which will relate solely to the calculations of relief due to individual Class Members.

63.    The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

64.    As the damages suffered by each individual Class Member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Class Member to bring individual claims against Defendant.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

65.    When employers in Colorado violate wage and hour laws, current employees are often afraid to assert their rights out of fear of retaliation.  Class action treatment will provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

66.     Plaintiffs are unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

67.     Plaintiffs are unaware of any pending litigation commenced by members of the classes concerning the instant controversy.

68.     This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage claims to both class litigation and the use of representative testimony and representative documentary evidence.

69.     The contours of the class will be easily defined by reference to the payroll documents Defendant was legally required to create and maintain.  *See* 29 C.F.R. § 516, *et seq.*

## FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Brought as a Collective Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

70.     Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

71.     Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated Hourly Employees pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, including overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

72.     At all times relevant to this matter, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

73.     Defendant operates all 39 salons as an enterprise and meets the elements of enterprise liability, which requires a two-part showing: (1) the employer is an enterprise as contemplated under 29 U.S.C. § 203(r)(1); and (2) the enterprise is "engaged in commerce or in the production of goods for commerce" as defined in § 203(s).

74.     Defendant's 39 salons perform related activities either through unified operation or common control by persons for a common business purpose." 29 U.S.C. § 203(r)(1).

75.     Upon information and belief, Defendant is, or was, a member of an enterprise that had annual revenues in excess of $500,000 during the Plaintiffs' employment and had two or more employees that handled goods or materials that had been moved in or produced for interstate commerce.   The Defendants were therefore part of an enterprise or enterprises engaged in commerce pursuant to 29 U.S.C. § 203(s)(1).

76.     At all times relevant to this matter, Plaintiffs and the Collective Action Class members are or were employees pursuant to 29 U.S.C. § 203(e).

77.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek.  29 U.S.C. § 207(a).

78.     The overtime wage provisions set forth in the FLSA apply to Defendant and the positions held by Plaintiffs and the Collective Action Class members are not exempt from the FLSA's overtime requirements.

79.     Defendant has engaged in a willful practice of violating the FLSA by requiring Plaintiffs and the Collective Action Class members to work without paying them for properly calculated overtime compensation.

80.     As the employer of the Plaintiffs and those similarly situated, Defendant was required to pay Plaintiffs and those similarly situated their regular rate and any eligible overtime compensation for meal breaks that were deducted from compensated time, but never given or taken; and Defendant failed to do so.  Defendant was also required to pay Plaintiffs and those

similarly situated any eligible overtime compensation for "off-the-clock" work and meal breaks during which employees were required to predominantly perform work for the benefit of Defendant. Defendant was further required to properly track the hours worked by Plaintiffs and those similarly situated for purposes of paying lawful overtime compensation.

81. Defendant's failure to pay overtime compensation as required by the FLSA was willful pursuant to 29 U.S.C. § 255(a).

82. Records pertinent to calculating the number of excess hours worked by the Collective Action Class members and the compensation they are entitled to receive are in the possession and control of Defendant and its agents. Plaintiff, therefore, is unable to state, until discovery is obtained, the exact amounts owed to the Collective Action Class members.

83. As a result of Defendants' willful actions, Plaintiff and the Collective Action Class members have been illegally deprived of overtime compensation and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation Pursuant to 29 U.S.C. § 216(b) and as a result of Defendant's willful actions described herein, Plaintiffs and the Collective Action Class members are entitled to: (i) unpaid overtime; (ii) gap time for any work week in which overtime is owed; (iii) their regular rate for unpaid breaks; (vi) statutory liquidated damages; and (v) reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, Implemented by the Colorado Minimum Wage Order, 7 CCR 1103-1, Brought as a Class Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

84. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

85. Plaintiffs and the Class Members were employed by Defendant in a covered

industry as defined by the CMWO and the CMWA.

86.     Defendant's payment practices described herein of deducting automatic 30-minute meal breaks, regardless of whether a 30-minute meal break was taken; and preventing or prohibiting employees from taking 10-minute rest breaks for every four (4) hours, or major fractions thereof, deprived Plaintiffs and the Class Members of regular rate and overtime pay. Defendant's failure to properly track and calculate Plaintiff and the Class Members' hours worked further deprived them of compensation, in addition to requiring uncompensated "off-the-clock" work and work during meal breaks that was performed predominantly for the benefit of Defendant.

87.     Plaintiffs and the Class Members are therefore entitled to be paid for their work that has never been compensated, including all applicable penalties, statutory damages, costs, fees, and interest.

88.     Plaintiffs and the Class Members also seek declaratory relief including, but not limited to, a declaration from the Court that Defendant's payment policies and practices described herein are illegal and require reformation.

89.     Plaintiffs and Class Members also seek injunctive relief in the form of an order from the Court requiring Defendant to reform its rounding policies and practices described herein.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("Wage Act") Brought as a Class Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

90.     Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

91.     Defendant failed to pay Plaintiffs and the putative collective and class action members all overtime compensation earned under the FLSA and Colorado state law.

92.    Defendant further failed to pay Plaintiffs and the Class Members for all time worked due to its illegal practice of automatically deducting 30-minute meal breaks from employees' pay, regardless of whether a 30-minute meal break was taken.

93.    Defendant further failed to provide Plaintiffs and the Class Members rest breaks, as required by Colorado law.  Plaintiffs and the Class Members are entitled to compensation for these lost breaks pursuant to C.R.S. §§ 8-4-101, *et seq.*, 8-6-101, *et seq.*, and the Colorado Wage Order.

94.    Defendant further failed to properly track and calculate Plaintiff and the Class Members' hours worked, further depriving them of compensation, in addition to requiring uncompensated "off-the-clock" work and work during meal breaks that was performed predominantly for the benefit of Defendant.  .

95.    Upon filing and service of this Complaint, Plaintiffs and the Class Members sent a demand for payment of unpaid wages in compliance with the Wage Act.  Defendant is therefore on actual notice that Plaintiff and other similarly situated employees are due unpaid wages resulting from Defendant's illegal payment policies and practices described herein.  This Complaint further puts Defendant on constructive or implied notice that Plaintiffs and all of Defendants' similarly situated Hourly Employees are also due unpaid wages resulting from Defendants' illegal payment policies.

96.    After 14 days has lapsed, Defendant failed to pay Plaintiffs and the Class Members their demanded wages.

97.    As such, Plaintiffs and the Class Members are entitled to statutory penalties in the amount of 125% of the wages owed or the Hourly Employees' average daily earnings for each

day, not to exceed 10 days, whichever is greater.

98.    Plaintiffs and the Class Members are also entitled to an additional 50% of the assessed penalty because Defendant's payment violations were and remain willful, as well as attorneys' fees, costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, similarly situated persons and the Class Members, pray for the following relief:

A.    That, at the earliest possible time, the Court, with regard to the First Claim for Relief, preliminarily certify this action to be a proper collective action pursuant to 29 U.S.C. § 216 and permit Plaintiffs to notify all affected persons that an action asserting FLSA claims has been filed, of the nature of the action, and of their right to join the suit;

B.    Declare that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiffs and similarly situated persons who opt into this action; that Defendant failed to pay amounts owed to Plaintiffs and similarly situated persons; that Defendant's violations were willful; that a three year statute of limitations applies to the Collective Action Class; that Plaintiffs and other similarly situated persons are entitled to be paid overtime for work in excess of 40 hours per week; and that the amount of unpaid time worked and overtime wages to which Plaintiffs and others similarly situated are entitled is to be doubled as liquidated damages and awarded to them;

C.    Declare that Defendants violated the CMWA, as implemented by the CMWO, by failing to pay Plaintiffs and Class Members for all regular rate and overtime worked due to Defendant's failure to properly calculate overtime compensation; Defendant's automatic 30-minute deductions and Defendant's policies preventing or prohibiting employees from taking rest

breaks; Defendant's failure to provide compensation for "off-the-clock" work and meal breaks during which Plaintiffs and Class Members predominantly performed work for the benefit of Defendant; and that Defendant's policies and practices must be reformed to comply with Colorado law;

D.    Declare that Defendant violated the CWCA by failing to pay regular wages and overtime compensation to Plaintiffs and Class Members; that Defendant failed to pay Plaintiffs and Class Members their outstanding wages within 14 days of a written demand for same; and that Defendant acted willfully in violating the CWCA;

E.    Grant Plaintiffs and all similarly situated employees and Class Members a permanent injunction enjoining Defendant, and all those acting in concert with Defendant at Defendant's direction, from engaging the above-described payment practices which violate the FLSA, the CMWA, and the CMWO;

F.    Award Plaintiffs and other similarly situated persons who opt-in to the Collective Action Class damages in the amount of overtime compensation, and any other amounts owed, to be proven at trial;

G.    Award Plaintiffs and other similarly situated persons who opt-in to the Collective Action Class liquidated damages in an amount equal to the unpaid wages and overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b), or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

H.    Award Plaintiffs and Class Members the amount of unpaid wages, overtime, and any other amounts owed due to Defendants' illegal payment practices, according to proof at trial;

I.    Award Plaintiffs and Class Members statutory penalties for Defendant's failure to

timely pay Plaintiffs' and Class Members' outstanding wages and overtime compensation, as well as statutory penalties for Defendant's willful violation of the CWCA;

     J.     Award reasonable attorneys' fees and costs;

     K.     Award Plaintiffs and Class Members pre-judgment interest at the highest lawful rate; and

     L.     Such further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiffs request a trial by jury.

Respectfully submitted this 7th day of February, 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Shelby Woods*
     Claire E. Hunter (39504)
     Shelby Woods (48606)
     HKM Employment Attorneys LLP
     730 17th Street, Suite 750
     Denver, Colorado 80202
     chunter@hkm.com
     swoods@hkm.com
     *Attorneys for Plaintiffs and the Proposed Class and Collective Action Members*