IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03540-PAB-STV

FAITH GERMAN, and
ASHLYN HOFFMAN, on behalf of themselves and those similarly situated,

      Plaintiffs,

v.

HOLTZMAN ENTERPRISES, INC., d/b/a Great Clips – HEI,

      Defendant.

---

## ORDER

---

      This matter is before the Court on Defendant's Notice to Bifurcate Federal and State Law Claims [Docket No. 56]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

## I. BACKGROUND

      This dispute involves alleged non-payment of overtime wages for hourly, non-exempt employees under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, and the Colorado Minimum Wage Act ("Minimum Wage Act"), Colo. Rev. Stat. § 8-6-101 *et seq.* Defendant is the owner of a number of hair salons across Colorado, *see* Docket No. 38 at 4, ¶ 15, and plaintiffs are former employees of defendant. *See id.* at 2-3, ¶¶ 4-5. Plaintiffs allege that defendant automatically deducted 30 minutes from an employee's work time each day regardless of whether an employee took a 30-minute meal break. *Id.* at 6, ¶ 25. This deduction was mandatory and company policy. *See id.* at 6-7, ¶¶ 25, 28. Additionally, plaintiffs were expected to work without taking

any rest breaks.  *Id.* at 7, ¶ 30.  Finally, plaintiffs were expected to arrive early for their shift and were prevented from clocking in when they arrived.  *See id.* at 8-9, ¶¶ 35-36. A similar situation happened at the end of the shift; once the last customer left for the day, plaintiffs were required to clock out, regardless of whether they were required to stay past the last customer's departure.  *See id.* at 9-10, ¶ 37.

Plaintiffs filed their complaint on December 13, 2019.  *See* Docket No. 1.  In their second amended complaint, plaintiffs bring a FLSA collective action claim pursuant to 29 U.S.C. § 216(b), and two Rule 23 class action claims under the Minimum Wage Act. *See* Docket No. 38 at 16-21.  Defendant asks the Court to bifurcate the federal claim from the state claims and, after doing so, stay the state claims until the federal claim has been resolved.  *See* Docket No. 56.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) allows a court to order separate trials on "one or more separate issues [or] claims" in a case "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  Courts have "broad discretion in deciding whether to sever issues for trial."  *Rowland v. United States*, No. 14-cv-00883-KLM-MEH, 2015 WL 4943955, at *2 (D. Colo. Aug. 20, 2015) (quoting *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)). Bifurcation is not an abuse of discretion where the interests of convenience, avoiding prejudice, and promoting expedition and economy "favor separation of issues and the issues are clearly separable."  *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).  In contrast, a court should not bifurcate a trial if it would be "unfair or prejudicial to a party."  *Id.*  "[T]he party seeking bifurcation has the burden of showing

that separate trials are proper in light of the general principle that a single trial tends to lessen [] delay, expense[,] and inconvenience." *Smith v. BNSF Ry. Co.*, No. 17-cv-00977-KMT, 2019 WL 5063468, at *2 (D. Colo. Oct. 8, 2019) (citation omitted).

## III. ANALYSIS

Defendant argues: (1) that the FLSA claims and the state claims are substantially different and (2) administration of both a collective action and class action will create confusion and waste. *See* Docket No. 56 at 3-7. Defendant's argument mostly tracks the analysis in *Oldershaw v. DaVita Helathcare Partners, Inc.*, 255 F. Supp.3d 1110 (D. Colo. 2017), a decision from this district where FLSA and Colorado Wage Act claims were bifurcated.

In *Oldershaw*, the court spelled out the various differences between a FLSA collective action and a Rule 23 class action. *See id.* at 1114-1118. First, it reasoned that a Rule 23 class action has a representative plaintiff and counsel who acts for the class, while a collective is more akin to a "civil suit with many plaintiffs who pursue their own claims." *Id.* at 1114. Second, the court noted that, while there is one statute of limitations for a FLSA collective action, there is a different one for a Rule 23 class action. *Id.* Third, *Oldershaw* reasoned that the certification of a Rule 23 class is far more stringent that a collective action, at least compared to the collective action's notice phase. *See id.* at 1114-15. Fourth, the court noted that, while putative class members must opt in to a collective action, they must opt out of a Rule 23 class action. *See id.* at 1115. Fifth, while an individual collective action member may settle her own claim, a Rule 23 settlement applies to the entire class. *See id.* at 1116. Sixth, the court analyzed the notice requirements of both types of actions, finding that Rule 23 notices

3

contain different information, are based on different claims, and come later in the litigation than a collective action notice.  *See id.* at 1116-17.

The court concluded that these differences, in combination with confusion around the FLSA notice, confusion regarding the representation of the Rule 23 class and the collective class, and the inclusion of non-Colorado wage claims, warranted bifurcating the FLSA and state law claims.  *See id.* at 1118.  *Oldershaw* reasoned that bifurcating would (1) better preserve the statute of limitations since a collective action notice would be sent prior Rule 23 certification, (2) resolving common FLSA issues could have preclusive effect on the state law claims, and (3) since jurisdiction was based on the FLSA claim, it made sense to begin with the FLSA claim.  *See id.*

The Court finds no fault with *Oldershaw*'s analysis of the differences between FLSA collective actions and a Rule 23 class action under the Colorado Wage Act. However, defendant has not shown that these differences make bifurcating the claims appropriate for this case.  Rather, the Court concludes that it would not be more convenient, economize or expedite the proceedings, and would not avoid prejudice. *See* Fed. R. Civ. P. 42(b).

First, the Court notes that the *Oldershaw* conclusion was not absolute; the court reasoned that some situations would call for bifurcation and others would not.  *See Oldershaw*, 225 F. Supp. 3d at 1118-19.  Second, the court in *Oldershaw* bifrucated the claims due to case specific concerns in combination with the differences between a Rule 23 and FLSA class action.  That is, the plaintiffs in *Oldershaw* added putative class members from outside Colorado, meaning that the Rule 23 subclasses would be substantively different.  *See id.* at 1118.  Additionally, there was already confusion

4

surrounding the FLSA notice, and the original named plaintiff had assumed that representation for FLSA claims would extend to the Rule 23 class. *See id.* at 1118. None of these concerns are present here. Plaintiffs represent that they do not intend to add any class members or claims outside of Colorado. *See* Docket No. 58 at 5. There are no allegations of confusion with the FLSA notice or plaintiffs' counsel, and assuming that there would be is speculative.

Second, bifurcation would not be more convenient, avoid prejudice, or economize the proceedings. As to convenience, defendant argues that the different statutes of limitation and the possibility of multiple attorneys and settlements in the FLSA action makes bifurcation more convenient. *See* Docket No. 56 at 4-5. Regarding the statute of limitations, although a Rule 23 class action will have a different statute of limitations, that statute of limitations is the same for the entire Rule 23 class. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551-52 (1974). There is no reason to believe that a single additional statute of limitations will unnecessarily complicate the proceedings or inconvenience the parties. In a FLSA collective action, each putative member potentially has a different accrual date because the accrual date is tied to the date the class member opts in. *See* 29 U.S.C. § 256(b). Thus, within the FLSA collective action there are already numerous dates to manage. The addition of one other statute of limitation – tied to a different substantive claim – is no more convenient or inconvenient than managing the various accrual dates for the collective action members.

The same rationale applies to the possibility of multiple attorneys and settlements. It is only the FLSA collective action, and not the Rule 23 class action, that

5

may result in different counsel and different settlements.  A Rule 23 action will have one counsel and one settlement.  Thus, managing the Rule 23 action at the same time is no different than a new member opting into the FLSA claim and retaining counsel different from another collective action member.  Moreover, these issues will be present regardless of whether or not the claims are bifurcated.  Bifurcation will only postpone their resolution, with no corresponding benefits to efficiency or coordination.

Defendant argues that simultaneous pursuit of both actions will result in four "subgroups" of plaintiffs, making a bifurcated action more "speedy."  *See* Docket No. 56 at 5.  Those groups are: (1) FLSA opt-ins, Rule 23 opt-ins[1]; (2) FLSA opt-ins, Rule 23 opt-outs; (3) FLSA opt-outs, Rule 23 opt-ins; and (4) FLSA opt-outs, Rule 23 opt-outs. *See id.*  The Court finds that the presence of subgroups does not make bifurcation result in a more expeditious trial.  First, other than a conclusory statement that the subgroups are "inefficient, time-consuming, and increase[] the cost of [] litigation," *id.*, defendant provides no argument as to why these subgroups make administration of this case less convenient, inefficient, or slow, and it is defendant who has the burden of demonstrating bifurcation is appropriate.  *See Angelo*, 11 F.3d at 964.  Second, the fourth group is irrelevant.  It is unclear – and defendant does not explain – how a group that has no claims against defendant could have any interference with the proceedings at all, and the Court finds no reason for concluding it would.  That results in a total of three subgroups.  Each of those subgroups would have at least one claim in common with another subgroup.  While some evidence and arguments may not be relevant to

---

[1] In a Rule 23 action, a plaintiff must opt out of the class, rather than opt in. However, for ease in describing the different groups, the Court refers to Rule 23 opt-ins as those who remain in the Rule 23 class action.

every subgroup, there will still be significant overlap between the subgroups given that the fundamental claim for both the FLSA and Colorado claim is that defendant's employees were denied overtime compensation.[2]

Finally, although defendant argues that "trial in this matter will be unnecessarily long and complicated" without bifurcation, *see* Docket No. 56 at 6, the Court finds that bifurcation could result in two trials and therefore not necessarily result in less trial time or less complicated issues.  Moreover, a significant delay in resolving the bifurcated claims could result in duplicate discovery and the loss of witnesses and evidence.

As a result, the Court finds that defendant has failed to meet its burden of demonstrating that bifurcation is appropriate under Rule 42.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Bifurcate Federal and State Law Claims [Docket No. 56] is **DENIED**.

DATE March 22, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

[2] Defendant also argues that having two notices sent – one for FLSA and one for Rule 23 – will result in confusion.  Docket No. 56 at 6.  But there is no reason to believe that a conspicuous disclaimer in the Rule 23 notice, which would be sent after the FLSA notice, could not alleviate those concerns, and defendant does not argue that it could not.  *See Pliego v. Los Arcos Mexican Rests.*, 313 F.R.D. 117, 125 (D. Colo. 2016) (stating that confusion in notices can be "ameliorated . . . [by] conspicuously stat[ing] the differences between federal and state law claims").