IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03540-PAB-STV

FAITH GERMAN, and
ASHLYN HOFFMAN, on behalf of themselves and those similarly situated,

      Plaintiffs,

v.

HOLTZMAN ENTERPRISES, INC., d/b/a Great Clips – HEI,

      Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiffs' Motion for Conditional Collective Action Certification and Court-Authorized Notice [Docket No. 43]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This dispute involves alleged non-payment of overtime wages for hourly, non-exempt employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Defendant is the owner of a number of hair salons across Colorado, *see* Docket No. 38 at 4, ¶ 15, and plaintiffs are former employees of defendant. *See id.* at 2-3, ¶¶ 4-5. Plaintiffs allege that defendant automatically deducted 30 minutes from an employee's work time each day regardless of whether an employee took a 30-minute meal break. *Id.* at 6, ¶ 25. This deduction was mandatory and company policy. *See id.* at 6-7, ¶¶ 25, 28. Additionally, plaintiffs were expected to work without taking any rest breaks. *Id.* at 7, ¶ 30. Finally, plaintiffs were expected to arrive early for their shift and

were prevented from clocking in when they arrived.  *See id.* at 8-9, ¶¶ 35-36.  A similar

situation happened at the end of the shift; once the last customer left for the day,

plaintiffs were required to clock out, regardless of whether they were required to stay

past the last customer's departure.  *See id.* at 9-10, ¶ 37.

Plaintiffs filed their complaint on December 13, 2019.  *See* Docket No. 1.  In their

second amended complaint, plaintiffs bring their FLSA claim as a collective action

pursuant to 29 U.S.C. § 216(b).  *See* Docket No. 38 at 16.  Plaintiffs request that the

Court conditionally certify the collective action and approve the proposed Notice to

Collective Action to be disseminated to members.  *See* Docket No. 43.  Defendant

opposes the motion.  *See* Docket No. 53.

## II.  ANALYSIS

### A.  Conditional Certification

Plaintiffs ask the Court to conditionally certify the case as a collective action

pursuant to § 216(b) of the FLSA, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall
> be liable to the employee or employees affected in the amount of . . . their
> unpaid overtime compensation, . . . and in an additional equal amount as
> liquidated damages. . . . An action to recover the liability prescribed in
> [Section 207] may be maintained against any employer . . . in any Federal
> . . . court of competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).  There is a two-step approach for determining whether plaintiffs are

"similarly situated" for purposes of FLSA collective action certification.  *Thiessen v. GE*

*Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).[1]  A court's initial certification

---

[1] *Thiessen* involved a collective action under the Age Discrimination in
Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  Because the ADEA adopts the

2

comes at the notice stage, where courts determine whether the putative collective

action members are similarly situated for purposes of sending notice to putative

members.  *Id.* at 1102.  At the first stage, a plaintiff is required to provide "nothing more

than substantial allegations that the putative class members were together the victims

of a single decision, policy or plan."  *Id.*; *see also Stransky v. HealthONE of Denver,*

*Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012).

This is a "lenient" standard, *Boldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d

1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a

representative class."  *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432

(D. Kan. 2007).  The second stage, which comes at the conclusion of discovery, applies

a stricter standard of "similarly situated," including application of at least four factors, to

determine whether the case can proceed as a collective action.  *Thiessen*, 267 F.3d at

1102-03.

> Plaintiffs seek to represent a collective action of
>
> [a]ll hourly, non-exempt employees who worked for Defendant in the State
> of Colorado any time within three years of the filing of this Complaint
> through final disposition of this case (the "Collective Action Period"), who
> were eligible for but did not receive overtime compensation (the
> "Collective Action Class") on account of Defendant's payment policies and
> practices.

Docket No. 43 at 3.  Plaintiffs, through their complaint and various declarations, assert

that defendant had a uniform policy of preventing employees from taking routine rest

breaks and bona fide meal breaks, in addition to requiring employees to work off the

---

collective action mechanism set forth in FLSA § 216(b), courts apply *Thiessen* to FLSA
collective actions.  *See Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 n.9 (N.D.
Okla. Dec. 9, 2010); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679
(D. Kan. 2004).

clock.  *See* Docket No. 43 at 5.

A former general manager of defendant, Farryn Trease, states in a declaration that "[m]aking sure employees routinely received rest breaks was never a practice of management" and that "[r]est breaks were not encouraged."  *See* docket No. 43-4 at 1, ¶ 4.  Ms. Trease also states that she was instructed by upper management "to audit employees' time to make sure that a 30-minute meal break was deducted from employees' pay if they had not clocked out for a meal break."  *See id.* at 1-2. ¶ 6.  So long as an employee had "no-cut time," where the employee was not cutting hair, the practice was to deduct the break even if the employee was doing other work that was not specifically cutting hair.  *See id.*  Additionally, Ms. Trease states that employees were told to arrive ten minutes early for their shifts but were encouraged to hold off before clocking in until their shift officially started.  *See id.* at 2, ¶ 8.  Employees were also asked to stay after they clocked out to help close the salon.  *See id.*, ¶ 9. Declarations by other employees repeat Ms. Trease's allegations.  *See* Docket Nos. 43-2, 43-3, 43-5, 43-6.  Plaintiffs' complaint makes substantially the same allegations.  *See* Docket No. 38 at 4-10, ¶¶ 14-37.

At this stage of the litigation, the Court must determine whether plaintiffs and the putative collective members were employed in similar positions and whether the plaintiffs and putative collective members were subject to defendant's allegedly unlawful policy, decision, or plan.  *Grady v. Alpine Auto Recovery, LLC*, No. 15-cv-00377-PAB-MEH, 2015 WL 3902774, at *5–6 (D. Colo. June 24, 2015).  This is a lenient standard and a minimal burden.  *See Baldozier*, 375 F. Supp. 2d at 1092.  The Court finds that plaintiffs have presented substantial allegations that the members of the collective are

4

similarly situated.  According to the declarations and allegations, hourly employees, regardless of precise title, were required to work as hairstylists and were consistently required to forgo rest and meal breaks in addition to being asked to work off the clock. This is sufficient at this stage of the case.  *See Renfro*, 243 F.R.D. at 433–34 ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").

Defendant argues that the "individuals in the proposed collective class are disparate [and] not similarly situated."  *See* Docket No. 53 at 4.  Specifically, defendant contends that the proposed class includes employees of all different titles – from hair stylist to general manager – and that smokers versus non smokers are a separate class because smokers sometimes received rest breaks.  *See id.* at 3-4.  The Court finds this argument unpersuasive.  First, the burden at the notice stage of the litigation is minimal, *see Boldozier*, 375 F. Supp. 2d at 1092, and the Court declines defendant's invitation to weigh evidence and resolve factual disputes regarding what precise responsibilities each employee had when plaintiffs allege that all hourly employees were prevented from taking breaks.  Second, the key issue at the notice stage is whether the proposed collective includes non-exempt employees who are similarly situated "in the crucial respect that all have allegedly been denied overtime compensation."  *See Hornaday v. Mountain States Casing, LLC*, 15-cv-01011-WJM-KLM, 2016 WL 8253896, at *2 (D. Colo. June 8, 2016) (rejecting argument that differences in pay structure precludes conditional certification); *see also Arfsten v. Cutters Wireline Serv., Inc.*, No.

5

16-cv-01919-MSK-KMT, 2017 WL 2400489, at *1 (D. Colo. May 26, 2017) (finding allegations that employees "were subject to the same compensation policies concerning the payment of overtime" were sufficient to show substantial similarity).  Plaintiffs' complaint and declarations contain ample allegations regarding the denial of overtime pay.  Third, that some smokers received breaks and others did not is inconsequential.  Ms. Trease's declaration states that, even when smokers were allowed breaks, they were "urged" to clock out.  *See* Docket No. 43-4 at 1, ¶ 4.  That smokers received uncompensated breaks is consistent with a collective that alleges members were denied overtime pay.

### B.  Statute of Limitations

Plaintiffs' proposed collective includes members who were denied overtime pay "any time within three years of the filing of this Complaint through final disposition of this case."  *See* Docket No. 43 at 3.  Defendant argues that this impermissibly permits a three year statute of limitations when FLSA only permits a three year statute of limitations for willful violations of FLSA.  *See* Docket No. 53 at 4-5.  While defendant is correct that FLSA's statute of limitations is three years for willful violations, *see* 29 U.S.C. § 255(a), defendant fails to support its argument that the statute of limitations should be determined at the notice stage.  Rather, statute of limitations arguments are better suited for later stages of the litigation.  *See Judd v. Keypoint Gov't Sols.*, No. 18-cv-00327-RM-STV, 2018 WL 4383037, at *6 (D. Colo. July 30, 2018) (collecting cases).

The Court does, however, agree with defendant that plaintiffs' proposed class includes the incorrect date for tolling the statute of limitations.  FLSA states that a collective action is tolled when a putative class member files her "written consent."  *See*

6

29 U.S.C. § 256(b).  A named plaintiff, however, has her claim tolled when she files

suit.  *See* § 256(a).  Because only the named plaintiffs will have their claims tolled by

the date of the filing of the complaint, the Court will conditionally certify a collective that

removes the language "of the filing of this Complaint" and replace it with "within three

years of filing their written consent" such that the conditional collective is:

> all hourly, non-exempt employees who worked for Defendant in the State
> of Colorado any time within three years of the filing their written consent
> through final disposition of this case, who were eligible for but did not
> receive overtime compensation on account of Defendant's payment
> policies and practices.

### C.  Notice

After conditional certification, the court may authorize the representatives to

provide the putative collective a notice and opt-in consent form.  *Hoffmann-LaRoche,*

*Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989); *see also* 29 U.S.C. § 216(b) ("No

employee shall be a party plaintiff to any such action unless he gives his consent in

writing to become such a party and such consent is filed in the court in which such

action is brought.").  The Court has broad discretion regarding the details of the notice

sent to potential opt-in plaintiffs.  *Hoffmann-LaRoche*, 493 U.S. at 171.  "The

overarching policies of the FLSA's collective suit provisions require that the proposed

notice provide accurate and timely notice concerning the pendency of the collective

action, so that [potential plaintiffs] can make informed decisions about whether to

participate."  *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450

(S.D.N.Y. 2011) (citations and quotations omitted).

Defendant takes issue with plaintiffs' initially proposed notice, arguing that it is

"self-serving advocacy," and provides its own notice as an alternative.  Docket No. 53 at

6.  In reply, plaintiffs submit a revised notice, making nearly all of defendant's proposed edits.  *See* Docket No. 57-2.  The Court finds that plaintiffs' revised proposed notice is proper, except that all references to the "date of the court's order" should either be stricken or reference the appropriate time frame outlined above; that is, within three years of filing written consent to join the lawsuit.  The revised notice informs the putative class members of the parties, the allegations, the lawsuit's status as a collective action, how to join the lawsuit, and the consequences of choosing not to join the collective action.  *See id.* at 1-3.  Additionally, the revised notice informs putative class members that they must return the form within ninety days to plaintiffs' counsel.  *See id.* at 1-2.

Defendant argues that the ninety day notice period is "excessive and unnecessary."  *See* Docket No. 53 at 7.  The Court disagrees.  First, contrary to defendant's assertion, ninety day periods are not unusual.  *See, e.g.*, *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2012 WL 638119 (D. Colo. Feb. 28, 2012) (permitting ninety day period).  Second, and more importantly, a trial court has broad discretion in addressing notice to putative class members.  *Hoffmann-LaRoche*, 493 U.S. at 171.  The Court agrees with plaintiffs that the COVID-19 pandemic, which has resulted in delays in mail delivery and among numerous other disruptions to daily life, is sufficient grounds to permit a ninety day period.

Next, defendant asserts that the notice should be sent once via email and once via U.S. mail.  *See* Docket No. 53 at 8.  Plaintiffs contend that a reminder notice should be sent fifteen days before the close of the opt-in period.  *See* Docket No. 43 at 13.  Defendant's only argument against the reminder is that it will "bombard members of the putative class."  *See* Docket No. 53 at 9.  The Court finds this argument unpersuasive.

8

Courts permit reminder notices, *see, e.g.*, *May v. E & J Well Serv.*, No. 14-cv-00121-RBJ, 2014 WL 2922655, at *3 (D. Colo. June 27, 2014), and the Court finds that a reminder notice is appropriate here.  However, the reminder notice may only be sent to those who have not yet responded to the initial opt-in notice, either by contacting counsel or opting in to the collective action.  Defendant takes issue with the sending of the reminder notice, but not the substance of the proposed notice submitted by plaintiffs.  The Court finds plaintiff's draft reminder notice, Docket No. 43-7 at 1, is appropriate.  Thus, plaintiffs may send the reminder notice fifteen days before the close of the notice period.

In addition to the reminder notice, plaintiffs request that defendant be required to post the notice at all of its salons in Colorado.  Docket No. 43 at 12.  Defendant objects to posting such notices.  *See* Docket No. 53 at 8.  Plaintiffs argument is that posting the notice in the salon would serve to reach more people and cites a case where notices in the place of employment were permitted.  *See* Docket No. 43 at 12.  However, in that case, the defendant did not object to placing the notice in its place of business.  *See Aldama v. Fat Alley, Inc.*, No. 19-cv-00524-WJM-MEH, 2019 WL 4645427, at *3 (D. Colo. Sept. 24, 2019).  Plaintiffs provide no support for requiring a defendant to post a notice in its places of business over its objection.  The Court finds that the four notices already approved are sufficient to provide opt-in plaintiffs the opportunity to join the collective action.

Finally, defendant contends that it should be required to only provide the name, last known address, and email address of the putative collective members and not the job title, telephone number, dates of employment, or employee identification number as

9

plaintiffs request.  *See* Docket No. 53 at 9-10.  The crux of defendant's argument is that this information is beyond the scope of discovery and will only be used to "stir up further claims in this lawsuit."  *See id.* at 10.  Plaintiffs argue that this information is frequently provided and should be so here.  *See* Docket No. 57 at 9-10.  With the exception of the telephone numbers, the Court agrees with defendant that all the information requested is unnecessary.

The Supreme Court has directed that limiting communications between parties and class members must "be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).  Defendant makes a conclusory argument that the information will be used to stir up litigation, but does not direct the court to any record or evidence suggesting abuse by plaintiffs' counsel.  *See Id.* at 102; *see also Bass v. Pjcomn Acquisition Corp.*, No. 09-cv-01614-REB-MEH, 2011 WL 902022, at *3 (D. Colo. Mar. 14, 2011).  At the same time, plaintiffs offer no argument why job title, employee identification number, or dates of employment are necessary to providing notice to putative class members.  It is true that potential members of a collective action should be notified of their rights.  *See, e.g.*, *Lindsay v. Cutters Wireline Serv., Inc.*, No. 17-cv-01445-PAB-KLM, 2018 WL 4075877, at *3 (D. Colo. Aug. 27, 2018).  However, that does not mean that plaintiffs are entitled to all information they request at the notice stage.  Nonetheless, the telephone numbers are relevant.  As plaintiffs state, telephone numbers can be used to track down the address of a putative collective member whose mailed notice is returned as undeliverable.  *See* Docket No. 57 at 9.  The Court finds that the name, address, email address, and

telephone number of putative collective members are sufficient to ensure that proper

notice is given.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that:

1.  This action shall be conditionally certified as a collective action pursuant to 29

U.S.C. § 216(b).  The collective action members are defined as follows:

> all hourly, non-exempt employees who worked for Defendant in the State of
> Colorado any time within three years of the filing their written consent through
> final disposition of this case, who were eligible for but did not receive overtime
> compensation on account of Defendant's payment policies and practices.

2.  Plaintiffs are authorized to act as the representative for the collective action

members, and plaintiffs' counsel is authorized to act as counsel for the collective.

3.  Subject to the modifications set forth above, the revised proposed Notice

[Docket No. 57-2] is approved.

4.  The reminder notice [Docket No. 43-7] is approved.

5.  Within twenty five days, defendant shall provide to plaintiffs' counsel the

names, mailing addresses, telephone numbers, and e-mail addresses of all putative

members of the FLSA collective action in an electronically readable format.

6.  Within thirty days after receiving this list from defendant, plaintiffs shall send

the Notice by First Class U.S. Mail and email to the last known address of each of the

individuals identified on the above-referenced list.

7.  Within ninety days from the postmark date of the Notice, any individual to

whom notice is sent shall "opt in" by returning the necessary documents to plaintiffs'

counsel.

8.  Fifteen days prior to the close of the opt-in period, plaintiffs shall send the reminder Notice by First Class U.S. Mail and email to the last known address to any individual identified on the above-referenced list who has not yet opted-in or contacted plaintiffs' counsel.


DATE March 22, 2021.


BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge