# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03540-PAB-STV

FAITH GERMAN, and
ASHLYN HOFFMAN, on behalf of themselves and those similarly situated,

    Plaintiff,

v.

HOLTZMAN ENTERPRISES, INC., d/b/a Great Clips – HEI,

    Defendant.

---

## FINAL CLASS ACTION SETTLEMENT AGREEMENT

---

This **SETTLEMENT AGREEMENT** is entered into by and among Faith German and Ashlyn Hoffman ("Plaintiffs" or "Named Plaintiffs") and Holtzman Enterprises, Inc., d/b/a Great Clips -- HEI ( "Defendant") (together, the "Parties").

### I.    RECITALS

**WHEREAS,** Plaintiffs have, on behalf of themselves and all others similarly situated, initiated an action against Defendant on December 13, 2019, which is currently before the United States District Court for the District of Colorado ("the Court") as Case Number 1:19-cv-03540-PAB-STV ("the Lawsuit").

**WHEREAS,** in the Lawsuit, Plaintiffs allege that Defendant violated the Colorado Wage Act, C.R.S. § 8-4-101 et seq., the Colorado Minimum Wage Act, C.R.S. § 8-6-101 et seq., and their implementing regulations,7 C.C.R. 1103-1, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, (collectively, "Wage and Hour Law")  by failing to provide Plaintiffs and

1

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

other Colorado employees who worked for Defendant as receptionists, stylists, assistant managers, and managers ("Class Members") during the period from December 13, 2017 to December 14, 2022 (the "Relevant Period") with a compensated 10-minute rest period for every four hours, or major fraction of four hours, Plaintiffs and the Class Members worked during the Relevant Period; and by failing to properly pay regular and overtime wages required by law; and failing to provide uninterrupted meal breaks; and requiring uncompensated off-the-clock work.

**WHEREAS**, among other defenses, Defendant denies Plaintiffs' allegations, and further denies that it violated the rights of Plaintiffs or any Class Member, that it owes them any wages or compensation, or that it is liable to them in any way.

**WHEREAS**, Plaintiffs maintain that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Defendant, taking into account the relative risks of proceeding to trial on these claims.

**WHEREAS**, Plaintiffs and their counsel have fully analyzed and evaluated their class action claims, Defendant's defenses, and this Settlement Agreement as it affects absent class members.

**WHEREAS**, Defendant maintains that it would ultimately prevail on all issues in this action but has reached what its counsel believes is a fair and reasonable settlement that will allow it to avoid prolonged and expensive litigation.

**WHEREAS,** the Parties engaged in a mediation to explore the possibility of a resolution with the Honorable William F. Downes (Ret) in August 2022, and were able to continue four months of settlement negotiations thereafter to reach an agreement to completely resolve the Lawsuit, and all claims that were brought or could have been brought in the Lawsuit.

2

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

**WHEREAS**, the Parties desire to resolve amicably, completely, and forever all disputes between them, including those claims regarding compensation for hours while employed during the time period described herein without delay and without the expense occasioned by litigation.

**NOW THEREFORE, IT IS STIPULATED AND AGREED** by and among the Parties to this Settlement Agreement that this controversy shall be settled and compromised, and upon the Court's preliminary approval of the terms and conditions set forth below, the Parties agree to fully execute this Agreement, as set forth below:

## II.    DEFINITIONS

The following definitions shall apply to the remainder of this Agreement.

"Class Representatives," "Plaintiffs," and "Named Plaintiffs" means Faith German and Ashlyn Hoffman.

"Class Members" are all members of the Rule 23 Class, defined below, who are not Named Plaintiffs.

"Defendant" means Holtzman Enterprises, Inc., d/b/a Great Clips – HEI.

"Lawsuit" means the action entitled *Faith German and Ashlyn Hoffman v. Holtzman Enterprises, Inc., d/b/a Great Clips -- HEI*, Case Number 1:19-cv-03540-PAB-STV, pending in the United States District Court for District of Colorado.

"Plaintiffs' Counsel" or "Class Counsel" are Shelby Woods, Adam Harrison and Claire Hunter of HKM Employment Attorneys, LLP, 730 17th Street, Suite 750, Denver, Colorado 80202.

"Defendant's Counsel" are Joshua F. Bugos and Marisa Hudson-Arney of Condit Csajaghy Bugos Gray LLC, 695 S. Colorado Boulevard, Suite 270, Denver, Colorado 80246.

"Final Approval Order" shall mean the order of the District Court that gives the final

3

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

approval to this Agreement.

"Effective Date" means the day the Settlement is Final as defined below.

"Final" means that the Court has granted final approval of the Settlement without modification and either: (a) the applicable date for seeking appellate review of the Court's approval of the Settlement has passed without a timely appeal; (b) an appellate court has rendered a final decision or judgment affirming the Court's final approval of the Settlement without modification, and the time for any further appeal has expired; or (c) any timely appeal has been dismissed.

"Final Approval Hearing" means any hearing the Court conducts to determine whether to finally approve and implement the Settlement. In no event shall any Final Approval Hearing be scheduled earlier than 60 days after notice is mailed to Settlement Class Members.

"Administrator" means Rust Consulting, the third-party claims administrator mutually agreed-upon by the Parties, whose costs will be deducted from the Gross Settlement Amount, which the Parties have agreed will be only up to $21,250.00.

"Opt-out Form" means the approved exclusion form that will be agreed upon by the Parties, that Overtime Collective Settlement Class Members and Settlement Class Members must complete, sign and timely return to be excluded from the Settlement Class.

"Gross Settlement Amount" means $650,000.00. Defendant's gross aggregate payments under this Agreement shall not under any circumstances exceed the "Gross Settlement Amount."

"Gross Overtime Collective Settlement Amount" means $100,000.00.

"Gross Class Settlement Amount" means $234,571.17.

"Net Settlement Amount" means the Gross Settlement Amount minus any approved amounts for Plaintiffs' Counsel's fees and costs, the Administrator's costs, and the service

4

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

payments to the Class Representatives.

"Notice" means the approved notice to be mailed to Settlement Class Members that will be agreed upon by the Parties, which, following the Preliminary Approval of the Settlement, will be mailed to each Settlement Class Member explaining the Settlement terms, as set forth herein.

"Overtime Collective Settlement Class" and "Overtime Collective Settlement Class Members" means all individuals who are reflected on the final list for the Overtime Collective for the purposes of this Settlement only and for no other purpose whatsoever, which shall consist of receptionists, stylists, assistant managers, and managers employed by Defendant who timely opted-in to the Lawsuit and who did not opt-out.

"Parties" means Plaintiffs together with Defendant, and "Party" means any of the Parties.

"Preliminary Approval" means that the Court has preliminarily approved the settlement and authorized the issuance of Notice to Settlement Class Members, as set forth herein.

"Release Period" means the period between December 13, 2017 to December 14, 2022.

"Potential Settlement Payment" means the pro-rata share of the Net Settlement Amount allocable to each Settlement Class Member and Overtime Collective Settlement Member based on the number of hours each Class Member worked for Defendant as reflected in Defendant's timekeeping records.

"Settlement Class" or "Settlement Class Member(s)" means all individuals who are reflected on the final class list, which, for the purposes of this Settlement only and for no other purpose whatsoever, shall consist of all current and former receptionists, stylists, assistant managers, and managers employed by Defendant in Colorado since December 13, 2017, to December 14, 2022, who do not exclude themselves.

5

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

### III.     CLASS CERTIFICATION

1.      For the purposes of settlement only, Defendant agrees to class certification under Rule 23(b)(3) with respect to Plaintiffs' claims under Colorado law and the FLSA as identified in the Second Amended Complaint [Dkt. 38].  The Parties agree to the following definition for the Settlement Class and Settlement Class Members:

> ALL CURRENT AND FORMER RECEPTIONISTS, STYLISTS, ASSISTANT MANAGERS AND MANAGERS WHO WORKED FOR DEFENDANT IN COLORADO BETWEEN DECEMBER 13, 2017 AND DECEMBER 14, 2022.

This shall be the applicable definition for the "Settlement Class" and "Settlement Class Members" for purposes of this Agreement and for the settlement of this Lawsuit, and any claim that was raised or could have arisen out of the facts alleged as part of the Lawsuit, against Defendants.  Class Counsel shall file an unopposed motion to certify the Settlement Class, which Defendant shall have the opportunity to review prior to its filing, and which Defendant shall not oppose so long as the motion and requested relief are consistent with the Parties' agreement as set forth herein.

### IV.     SETTLEMENT PAYMENT

2.      In full settlement of Plaintiffs' claims, including the Named Plaintiffs and all claims asserted by the Class Members, without admitting any liability, Defendant shall pay an "all-inclusive," settlement payment of $650,000.00 as payment of all sums due under the settlement (the "Gross Settlement Amount").

3.      Subject to the Court's authorization and the terms of this Agreement, the total settlement amount shall be distributed as follows:

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

| | |
|---|---|
| $234,571.17 | Gross Class Settlement Amount |
| $100,000 | Gross Overtime Collective Settlement Amount |
| $195,000 | Attorneys' Fees |
| $79,178.83 | Plaintiffs' Costs |
| $21,250 | Administration Costs |
| $20,000 | Service Award for Plaintiffs ($10,000 each) |
| **$650,000** | **TOTAL** |

4.      All payments pursuant to this settlement to the Named Plaintiffs shall be in full and final resolution of any and all claims and causes of action they may have against Defendant and all payments pursuant to this settlement to the Class Members who do not opt-out of the settlement shall be in full and final resolution of all claims and causes of action alleged or that could have been alleged in the Lawsuit against Defendant related to wage and hour law or unpaid compensation; all attorneys' fees and litigation costs and expenses, including the costs of administering the settlement; and any service awards awarded by the Court to the Named Plaintiffs.

5.      Defendant shall remit the Gross Settlement Amount to the Administrator who will then remit payments to the Named Plaintiffs, the Settlement Class Members, and Plaintiffs' Counsel as follows: (1) a payroll check payable to each Settlement Class Member representing half of their Potential Settlement Payment, less all applicable payroll withholding taxes (including, *inter alia*, the employer's portion of FICA, SUTA, and FUTA) and for which the Administrator will issue an IRS Form W-2 ("Wage Payment"); (2) a non-payroll check to each Settlement Class Member representing half of their Potential Settlement Payment, which amount has been determined to represent non-wage recovery of liquidated damages, interest, and the like, which will be free of any deduction, and for which the Administrator will issue an IRS Form 1099 to those Class Members ("1099 Payment"); (3) a non-payroll check for the Named Plaintiffs' Service

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Awards, which will be free of any deduction, and for which the Administrator will issue an IRS

Form 1099 ("Service Award"); and (4) a payment to Class Counsel in the total amount of no more

than $195,000.00 (or whatever amount the Court deems reasonable) for attorneys' fees, and

$79,178.83 for costs incurred by the Plaintiffs in this action, which will be paid without

withholding and for which Class Counsel shall provide to Defendant for this purpose an executed

IRS Form W-9.  Defendant is responsible for remitting the Gross Settlement Amount to the

Administrator. Class Counsel shall determine the distribution of the Gross Class Settlement

Amount and the Gross Overtime Collective Settlement Amount and seek final approval of that

distribution from the Court. The Court shall be the final arbiter of whether the proposed distribution

is fair.

6.    Plaintiffs and/or Class Counsel will request from the Court a payment from the

Gross Settlement Amount for attorneys' fees for all the work already performed and all the work

remaining to be performed in this Lawsuit, including for fees incurred by Class Counsel in

prosecuting the Lawsuit and implementing the terms of the Settlement, in a gross amount not to

exceed $195,000.00.  Defendant agrees it shall not oppose Class Counsel's request for fees up to

$195,000.00 unless its counsel believes in good faith that the amount requested is not reasonable

under the standards governing such fee awards in the Court.  The award of Class Counsel's

attorneys' fees approved by the Court shall be wired to the Administrator within fourteen (14) days

after the Effective Date of the Settlement.  The Parties agree that any reduction in the amount of

attorneys' fees, costs, and/or expenses approved for Class Counsel shall not be a basis for

rendering the entire Settlement voidable or unenforceable.  Any reduction of the amount of

attorneys' fees which is ordered by the Court and affirmed during any appeal shall be part of the

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Net Settlement Amount.

7.      Subject to the Court's approval, Named Plaintiffs shall each be paid a service payment of $10,000.00, to be paid from the Gross Settlement Amount, for their service as Class Representatives, and in consideration for the General Release of Claims as detailed in Part V of this Settlement Agreement, in addition to any payments they may otherwise receive as Overtime Collective Settlement Class Members and Settlement Class Members. The service payments to the Class Representatives approved by the Court shall be wired to the Administrator within fourteen (14) days after the Effective Date of the Settlement.  The service payments shall be treated as non-employee income and the Class Representatives shall be issued an IRS Form 1099 from the Administrator in the amount of their service payments.  The Parties agree that any reduction in the amount of the Named Plaintiffs' requested Service Award shall not be a basis for rendering the entire Settlement Agreement voidable or unenforceable.  If the Court approves a Service Award of less than the amount sought, the remainder will be retained in the Net Settlement Amount.

8.      The amount of $21,250.00 shall be deducted from the Gross Settlement Amount to pay for all costs incurred by the Administrator in administering the Settlement (including costs for retaining the Administrator, mailing of notices (including class notices), forwarding of return notices, and distributing the Settlement Payments).    The Parties agree that, in the event the administration of the settlement exceeds $21,250.00, Defendant will not be obligated to pay an amount higher than the Gross Settlement Amount.

9.      In addition to the attorneys' fees, Plaintiffs' Counsel will also ask the Court to order reimbursement of their reasonable out-of-pocket expenses.  Plaintiffs' Counsel will be paid the fees and costs approved by the Court, which they anticipate will be $79,178.83.  The award of out-

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

of-pocket expenses approved by the Court shall be wired to the Administrator within fourteen (14) days after the Effective Date of the Settlement.  Plaintiffs' Counsel will be issued an IRS form 1099 from the Administrator for this amount.  The Parties agree that any reduction in the amount of the costs requested or awarded shall not be a basis for rendering the entire Settlement voidable or unenforceable.  If the Court approves a reimbursement of costs of an amount less than the amount sought, the remainder will be retained in the Net Settlement Amount.

10.     The Settlement and the payments described herein are conditioned upon passing of the Effective Date and the Settlement becoming Final.  Prior to the Effective Date, and within three (3) business days of full execution of this Settlement Agreement by all Parties, Defendant shall pay Three Hundred Thousand ($300,000) to the Administrator for purposes of disbursement upon passing of the Effective Date and the Settlement becoming Final.  Defendant will remit the remaining Three Hundred and Fifty Thousand ($350,000) to the Administrator within fourteen (14) days after the Effective Date of the Settlement as set forth herein.  No amount of the Gross Settlement Amount will revert to Defendant during the Notice Period or prior to the Final Fairness Hearing.

11.     Any Party may terminate this Settlement Agreement if: (1) the Court declines to approve this Agreement; (2) the Court's entry of the Approval Order is reversed or substantially modified on appeal; or (3) the Settlement as agreed upon does not become final for any other reason, provided the Parties agree to work cooperatively and in good faith for a period of fourteen (14) calendar days to address and resolve any concerns identified by the Court or a court of appeals in declining to approve this Agreement in the form submitted by the Parties.  In the event this Settlement Agreement is terminated by any Party, all payment(s) remitted by Defendant will revert

10

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

back and be refunded to Defendant.

12.     To terminate this Agreement as specified above, the terminating Party shall give written notice to the other Party no later than ten (10) business days after the terminating Party learns that the applicable ground for termination has been satisfied.

13.     If this Agreement is barred by operation of law, is invalidated, is not approved, or otherwise is ordered not to be carried out by any court: (1) the Agreement shall have no force or effect, and no Party shall be bound by any of its terms; (2) Defendant shall have no obligation to make any payments to any anyone, including the Administrator, any Party, Class Member, or Class Counsel and any payments previously made by Defendant pursuant to this Settlement Agreement shall be promptly refunded to Defendant; (3) any Party may move to vacate the Approval Order or judgment; (4) neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of settlement shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever; (5) the Parties agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Lawsuit; and (6) the Parties reserve all rights, claims, defenses, and appeals that they may have, including but not limited to, their rights, claims, defenses, and appeals with respect to whether the Lawsuit should proceed as a collective action, class action, and the membership of the collective action or class action.

14.     If any Class Member opts out or otherwise excludes themselves from the Settlement, the amounts of wages and damages apportioned to that Class Member shall be reapportioned to the remaining Class Members who do not opt out or exclude themselves from the Class.  If the notice and/or settlement check sent to any Class Member is returned as undeliverable, the Administrator shall conduct skip-tracing and other reasonable efforts to locate and provide the

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Notices to any Settlement Class Members whose Notices are initially returned undeliverable. The Administrator shall receive from Defendant the last known mailing address, telephone number, email address, and last four digits of the Class Member's Social Security Number in the Defendant's possession for each Class Member, so that the Administrator may attempt to contact the Class Members to provide them with notice and/or an opportunity to obtain their payments from the Net Settlement Amount. The Parties agree that the checks sent to Class Members shall be valid for 90 days after the date the checks are first mailed to the Class Members.

## V.   RELEASE OF CLAIMS

15.   Upon the Effective Date of the Settlement, the Class Representatives, the Overtime Collective Settlement Members and the Settlement Class Members fully release and forever discharge Defendant, and its past and present parent franchisors, companies, subsidiaries, affiliates (including HEI of Colorado, LLC), divisions, related entities, shareholders, managers, members, directors, trustees, officers, employees, former employees, agents, insurers, attorneys, predecessors, successors and assigns, and all other persons acting in concert with or on behalf of Defendant (Defendant and the foregoing other persons and entities are hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, demands, liabilities, obligations, costs, expenses, and causes of action of every nature and description, whether known or unknown, arising on or before December 14, 2022, arising out of, based on, or encompassed by: (a) the claims that were asserted in the Lawsuit; (b) claims that relate to unpaid wages; (c) claims that relate to unpaid overtime; (d) claims that relate to unpaid compensation, including bonuses; (e) claims that relate to or arise out of the reimbursement of expenses, under-reimbursement of expenses, or failure to reimburse expenses of any kind; (f) claims that relate to or arise out of the payment of

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

the applicable minimum wage, under-payment of the applicable minimum wage, or failure to pay the applicable minimum wage; (g) claims that relate to or arise out of the entitlement to meal or rest periods or pre- and post-shift work; or (h) claims that arise under the Fair Labor Standards Act (FLSA), the Colorado Wage Claim Act (CWCA), the Colorado Minimum Wage Act (CMWA), the Colorado Minimum Wage Order, the Colorado Overtime and Minimum Pay Standards Order, or any similar federal, state, municipal or local wage and hour laws (collectively, the "Released Claims").  Class Representatives, Overtime Collective Settlement Members, and the Settlement Class Members represent and warrant they have not filed any complaints, claims, or initiated any proceedings with any federal or state governmental agency related to the Released Claims or the allegations giving rise to the Lawsuit and the Class Representatives, Overtime Collective Settlement Members, and the Settlement Class Members further covenant that they will forever refrain from filing or joining such complaints, claims, or initiate any proceedings relating to the Released Claims or the allegations giving rise to the Lawsuit.

16.    Upon the Effective Date of the Settlement, the Class Representatives release and forever discharge Defendant (including HEI of Colorado, LLC) and all of its past and present franchisors, parent companies, subsidiaries, affiliates, divisions, related entities, shareholders, managers, members, directors, trustees, officers, employees, former employees, agents, insurers, attorneys, predecessors, successors and assigns, and all other persons acting in concert with or on behalf of Defendant and Releasees (as defined above), from all actions and causes of action, liabilities, suits, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, judgments, interest, executions, claims for attorneys' fees and costs or disbursements, and any other claims or demands whatsoever, whether known or unknown, in law or equity, against

13

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Releasees or any of them which the Class Representatives ever had, now have, or which the Class

Representatives and their respective heirs, executors, or administrators hereinafter can, shall, or

may have for, upon, or by reason of any matter, cause, or thing whatsoever up until the Effective

Date of this Settlement, it being the Class Representatives' intention to release the Releasees and

each of them from any and all claims of any and every nature, whether known or unknown,

unrestricted in any way by the nature of the claim, including, though not by way of limitation, all

claims of violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,

*et seq*., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*,

the Americans With Disabilities Act, 42 U.S.C. 12101, *et seq.*, the federal Family and Medical

Leave Act, as amended, 29 U.S.C. 2601, *et seq*., and the Employee Retirement Income Security

Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* (except for vested benefits); intentional

infliction of emotional distress and all other claims sounding in tort or contract, all claims for

promissory estoppel, all claims for wrongful discharge and any other federal, state, or local

statutory, constitutional, or common law claims, actions, liabilities, or judgments relating to or

arising out of: (a) the Class Representatives' respective terms of employment with or separation

of employment from Defendant; (b) any and all claims raised or which could have been raised in

the Lawsuit; and/or (c) any other claim which the Class Representatives may respectively have

against Releasees or any of them which arises, in whole or in part, out of any incident or conduct

which occurred before the Effective Date of this Agreement.  Class Representatives, Overtime

Collective Settlement Members, and the Settlement Class Members represent and warrant they

have not filed any complaints, claims, or initiated any proceedings with any federal or state

governmental agency related to the Released Claims or the allegations giving rise to the Lawsuit

14

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

and the Class Representatives, Overtime Collective Settlement Members, and the Settlement Class Members further covenant that they will forever refrain from filing or joining such complaints, claims, or initiate any proceedings relating to the Released Claims or the allegations giving rise to the Lawsuit.

17. By entering into this Agreement, Defendant does not admit any liability or wrongdoing, and it expressly denies the same. Defendant is entering into this Agreement for the purpose of avoiding the cost and uncertainty associated with ongoing litigation and to resolve all outstanding claims. Nothing contained in this Settlement Agreement should be interpreted, construed, or considered an admission by Defendant that Plaintiffs' claims, asserted on behalf of themselves, the Class Members, the Overtime Collective Settlement Class Members, and/or the Settlement Class Members are meritorious.

## VI. COURT APPROVAL

18. Class Counsel shall file unopposed motions for preliminary and final approval of this Settlement, which shall be provided to the Defendant's counsel prior to their filing, and which shall propose the following procedures for providing notice to the Class Members, exclusion of Class Members, objections, and final approval:

a. Production of Class Information: Within fourteen (14) days of the execution of this Agreement, the Defendant will provide an updated class list that includes the names and last known email address, phone number, and mailing address for each Class Member. Defendant will further provide updated information reflecting the hours worked for each Class Member during the Release Period within fourteen (14) days of the execution of this Settlement Agreement.

15

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

b.      <u>Preliminary Approval</u>: Within the time ordered by the Court, Class Counsel shall file an unopposed motion seeking preliminary approval of this Settlement, along with notice and opt-out forms ("Notices") and a proposed order to be drafted by Class Counsel. Defendant's counsel shall be permitted to review these documents and propose changes before they are filed.

c.      <u>Sending of Notice</u>: Within fourteen (14) days of the Court's preliminary approval of the Settlement, the Administrator shall send the Notices approved by the Court to all Class Members using the contact information previously provided by Defendant. As detailed herein, the Settlement Class Members shall have sixty (60) days from the date on which the Notices are mailed to opt out or remain in the Settlement Class and to be bound by this Settlement Agreement. Class Counsel shall regularly update Defendant's counsel regarding the identity of any opt-outs or objections received and will provide Defendant's counsel with the documents received in support of any opt-outs or objections.

d.      <u>Final Fairness Hearing</u>: After the 60-day notice period expires, the Parties will attend a Final Fairness Hearing on a date to be determined by the Court and included in the Notices.

e.      <u>Final Motions</u>: At least fourteen (14) days before the Final Fairness Hearing, Class Counsel will file motions seeking final approval of the Settlement Agreement and approval of reasonable attorneys' fees, costs, and service awards.

19.     Within three (3) business days of receipt of the Gross Settlement Amount, Plaintiffs will file and obtain dismissal of the Lawsuit with prejudice and without costs and/or attorneys' fees, except as provided in this Agreement.

### VII.    NOTICE PERIOD AND OPT-OUTS

16

20.     Within fourteen (14) days of the Preliminary Approval of the Settlement, the Administrator shall be responsible for transmitting the notice in English and Spanish ("Class Notice") of this settlement to all Class Members via first-class mail and email to all Class Members based on their last known mailing and email addresses.  A text message notice approved by the Court will also be sent informing Class Members that a settlement has been reached and directing the Class Members to a website reflecting the information in the Class Notice.  In no event will more than one text message notice be sent to Class Members during the notice or disbursement processes naming or otherwise identifying Holtzman Enterprises, Inc. or Holtzman Enterprises, Inc., d/b/a Great Clips – HEI or Great Clips or any similar variation of the foregoing names; however, more than one text message may be sent directing Class Members to a website reflecting the information in the Class Notice, with such Class Notice including Defendant's name during the notice and disbursement processes.

21.     If new contact information for Class Members becomes known to the Administrator during the administration of this settlement but after the initial transmission of Notice, the Administrator shall transmit, insofar as it is relevant, the Class Notice and an opt-out form to that Class Member.

22.     The form of the Notice shall be approved by the Court and shall contain either on its own or along with the forms transmitted with it (a) a description of the action; (b) a description of the consequences of opting out and the method of opting out; (c) the date, time, and place of the Final Approval Hearing and a description of the right to object to the settlement; (d) a statement that the settlement will have tax consequences and that Class Members should consult a tax professional about the tax consequences of the settlement; (e) a statement that the Parties approve

17

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

of the settlement and a statement that federal and state law prohibits employers from retaliating against employees who participate in class action settlements; and (f) a statement that Class Members do not need to do anything (other than not returning an opt-out form) in order to receive a settlement payment.

23.     Along with the Notice, the Administrator shall also transmit to Class Members an opt-out form approved by the Court that Class Members can return to the Administrator by email, fax, or U.S. Mail.

24.     If the mailed Class Notice is returned as undeliverable, the Administrator shall, within five (5) days of receipt of such undeliverable notice, update the Class Member's address via the USPS National Change of Address List and shall re-mail the Class Notice to such person via first class mail.  If a mailed Class Notice is returned as undeliverable, the Administrator will additionally engage in reasonable efforts to secure a current address using the Class Member's previous address, last known phone number, and the last four digits of the Class Member's Social Security Number.  The Parties agree they will cooperate in ensuring Class Member's confidential information is maintained in a secure and confidential manner and is used only for the purpose of administering this settlement, and is not provided to anyone other than the Administrator.

25.     The initial transmission of Class Notice, whether by U.S. mail or email, shall commence a 60-day Opt-Out Period.  Potential Class Members who wish to exclude themselves from the settlement must return to the Administrator, by email, fax or U.S. Mail, the opt-out form on or before the expiration of the Opt-Out Period.  Potential Class Members who fail to submit a valid and timely opt-out form on or before the expiration of the Opt-Out Period shall be Settlement Class Members, and shall be bound by all terms of the Settlement Agreement regardless of whether

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

they have objected to the terms of the settlement.

26.     A Class Member who submits an opt-out request may not object to the settlement. Any other Class Member may object to the settlement in the manner described in the Notice.  Any Plaintiff or Class Member who fails to file a timely written objection shall be foreclosed from objecting to the settlement. A Class Member who wishes to object must file and serve any objections on Plaintiffs' Counsel and Defendant's Counsel, so they are received no later than forty (40) days after the original transmission of Notice. An objection filed outside of this time will not be considered by the Court.

27.     The Parties shall petition the Court to hold a Final Fairness and Approval Hearing and will thereafter enter a Proposed Final Approval Order. At the Hearing, the Court will review any objections to the settlement.  The Parties have the right to submit evidence or a response regarding such objections as part of or contemporaneous with the Parties' application for final settlement approval.  Plaintiffs' Counsel may communicate with any class members regarding a timely objection and may advise the Court of any class members who have communicated that they wish to withdraw their objections.

## VIII.   PROCEDURE FOR SETTLEMENT PAYMENT

28.     Within fourteen (14) days of Preliminary Approval of this Settlement Agreement, the Administrator shall transmit the Class Notice and opt-out forms to Class Members by first-class U.S. mail and email.  This transmittal begins the Opt-Out Period, which shall last for sixty (60) days, and the Objection Period, which shall last for forty (40) days.

29.     Within ten (10) days of the end of the Opt-Out Period, the Parties' counsel shall exchange copies of all written objections and requests for exclusion received regarding the

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Settlement, together with a list of all Class Members entitled to receive a Potential Settlement Payment based thereon.  Plaintiffs' Counsel shall have ten (10) days after receiving and exchanging the foregoing documents to challenge any eligibility determination relating to Class Members. Within five (5) days of submitting such concerns to the Administrator, the Parties' counsel shall meet and confer in an attempt to resolve any disputes relating to the eligibility determinations regarding Class Members entitled to receive a Potential Settlement Payment.  In the event the Parties are unable to reach resolution on any disputes relating to the eligibility determinations, the Parties shall submit their respective positions in writing to the Court, which shall make the final decision regarding the eligibility determinations relating to the Class Members entitled to receive a Potential Settlement Payment from the Net Settlement Fund.

30.     Within thirty (30) days of the end of the Opt-Out Period, Plaintiffs' Counsel shall make calculations of payments to Settlement Class Members who have not opted out of the Settlement and Named Plaintiffs.  The calculations of gross (pre-tax) settlement payments for Settlement Class Members will be made based on records that have been or will be submitted to Plaintiff's Counsel, which records are presumed to be accurate.  The amounts to be distributed to each Settlement Class Member will be based on a pro-rata portion of the Net Settlement Fund based on the number of hours each Settlement Class Member worked for Defendant as reflected in Defendant's timekeeping records.    Plaintiff's Counsel shall provide the calculation of the settlement payments for Settlement Class Members to Defendant's Counsel, who shall have ten (10) days to review the calculations for compliance with the terms of this Settlement Agreement. Thereafter, the Parties shall have five (5) days to attempt to resolve any disputes relating to the calculations of the gross amounts of the Settlement Payments to Settlement Class Members.  If the

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

Parties are unable to resolve any disputes about calculating the gross settlement payments pursuant to this Settlement Agreement, they shall submit their respective positions to the Court, which shall make the final decision regarding any disputed calculations of any gross settlement payments to Settlement Class Members.

31.     Within thirty (30) days of the Effective Date, the Administrator shall issue and mail settlement checks, along with any required tax documents, to each Settlement Class Member that has not opted-out of the settlement.  In the event any settlement checks are returned to the Administrator as undeliverable, the Administrator shall, within five (5) days thereof, make reasonable efforts to attempt to obtain a current address and re-send the settlement check. If a mailed Settlement Payment is returned as undeliverable, the Administrator will additionally engage in reasonable efforts to secure a current address using the Settlement Class Member's previous address, including email address, last known phone number, and the last four digits of the Class Member's Social Security Number.  The Parties agree they will cooperate in ensuring Class Member's confidential information is maintained in a secure and confidential manner.

32.     The Settlement Payments issued to Settlement Class Members by the Administrator will remain negotiable for ninety (90) days from the date payment is first sent to a Settlement Class Member.  A Settlement Class Member's failure to cash the check will be deemed an irrevocable waiver of any right to the Settlement Payment but will not relieve the Settlement Class Member of the binding effect of the Settlement Agreement.  If a check is re-sent to a Settlement Class Member based on a check being returned as undeliverable, the 90-day window will not restart, and the check will be void after 90 days from the date the payment was first sent.  The amount of all checks that become void after this 90-day period will revert to Defendant and be paid to Defendant

21

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

within fourteen (14) days of the expiration of such 90-day period.

33.    Within thirty (30) days of the Effective Date, the Administrator shall distribute from the Gross Settlement Amount Plaintiff's Counsel's attorneys' fees, costs, and any service award for the Named Plaintiffs as approved by the Court, as well as the Named Plaintiffs' Settlement Payment out of the Net Settlement Fund.  The Administrator shall deliver to Plaintiffs' Counsel the payments referenced in this Paragraph.

34.    In the event that the absence of a signed order by the Court on a point that requires an order of the Court delays performance of any of the above settlement administration or payment obligations by the date specified in the above schedule, then (a) upon receipt of such Court order(s), such obligation shall be performed within the same number of days following the receipt of such Court order(s) as the time interval that existed in the original schedule between the immediately preceding settlement administration or payment obligation and the next settlement administration or payment obligation to be performed, and (b) the dates for the ensuing steps of settlement administration or payment obligations in the above schedule shall be adjusted accordingly based upon the new date for performing the next step of settlement administration or payment obligation, maintaining the same intervals between steps as in the original schedule.

## IX.    MISCELLANEOUS PROVISIONS

25.    Named Plaintiffs and Plaintiffs' Counsel, and Defendant and Defendant's Counsel, agree that they will not solicit or advise potential Class Members to request exclusion from the class or to object to the settlement or to appeal the Court's Final Approval of the settlement; and Defendant and Defendant's Counsel will not represent, or arrange representation for, any potential Class Member in requesting exclusion from the potential class and/or filing a separate action.

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

26.     It is understood and agreed by the Parties that this Settlement Agreement contains the entire understanding between them.  No oral understandings, statements, promises, or inducements contrary to the terms of this Settlement Agreement exist.  The Settlement Agreement cannot be changed or terminated except by the written amendment to this Settlement Agreement signed by counsel for the Parties.

27.     The Parties and their counsel will cooperate with each other to reduce the costs of administering the settlement and use their best efforts to implement this Settlement.  If the Parties are unable to reach an agreement on the implementation of this Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, then either Party may seek the Court's assistance to resolve such disagreement.

23

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

**FOR DEFENDANT:**

By: _____

Printed: David Spewak

Its:  Assistant Secretary


APPROVED AS TO FORM:

_____

Joshua F. Bugos

Marisa Hudson-Arney

Condit Csajaghy Bugos Gray LLC

695 S. Colorado Blvd., Suite 270

Denver, CO  80246

24

**FOR FAITH GERMAN**

_____

Faith German


**FOR ASHLYN HOFFMAN**

_____

Ashlyn Hoffman


APPROVED AS TO FORM:

_____

Claire E. Hunter

Shelby Woods

Adam M. Harrison

HKM Employment Attorneys LLP

730 17th Street, Suite 750

Denver, CO  80202

25

Doc ID: ac2ae24033ac2acb5061c805b7604a651ac1e72d

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Faith & Ashlyn - Settlement Agreement |
| **File name** | Settlement Agreem...s Signatures).pdf |
| **Document ID** | ac2ae24033ac2acb5061c805b7604a651ac1e72d |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **02 / 03 / 2023**<br>20:55:53 UTC | Sent for signature to Nicole German (germanfamily2000@yahoo.com), Ashlyn Hoffman (blupeanut14@comcast.net) and Shelby Woods (swoods@hkm.com) from legalassistant@hkm.com<br>IP: 174.51.98.7 |
| **VIEWED** | **02 / 03 / 2023**<br>21:03:11 UTC | Viewed by Nicole German (germanfamily2000@yahoo.com)<br>IP: 162.206.151.235 |
| **SIGNED** | **02 / 03 / 2023**<br>22:57:42 UTC | Signed by Nicole German (germanfamily2000@yahoo.com)<br>IP: 162.206.151.235 |
| **VIEWED** | **02 / 06 / 2023**<br>18:34:07 UTC | Viewed by Ashlyn Hoffman (blupeanut14@comcast.net)<br>IP: 24.8.97.119 |
| **SIGNED** | **02 / 06 / 2023**<br>18:34:52 UTC | Signed by Ashlyn Hoffman (blupeanut14@comcast.net)<br>IP: 24.8.97.119 |

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | Faith & Ashlyn - Settlement Agreement |
| **File name** | Settlement Agreem...s Signatures).pdf |
| **Document ID** | ac2ae24033ac2acb5061c805b7604a651ac1e72d |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| ◉ VIEWED | **02 / 06 / 2023** 19:00:18 UTC | Viewed by Shelby Woods (swoods@hkm.com) IP: 66.91.26.188 |
| ✒ SIGNED | **02 / 06 / 2023** 19:00:36 UTC | Signed by Shelby Woods (swoods@hkm.com) IP: 66.91.26.188 |
| ⊘ COMPLETED | **02 / 06 / 2023** 19:00:36 UTC | The document has been completed. |

Powered by **Dropbox** Sign