IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03540-PAB-STV

FAITH GERMAN, and
ASHLYN HOFFMAN, on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

HOLTZMAN ENTERPRISES, INC. d/b/a Great Clips-HEI,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the parties' Joint Motion for Final Approval of Proposed Collective and Class Action Settlement [Docket No. 173] and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs [Docket No. 174]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

# I. BACKGROUND

Plaintiffs Faith German and Ashlyn Hoffman filed suit on behalf of themselves and those similarly situated against defendant Holtzman Enterprises, Inc. ("Holtzman") alleging violations of Colorado wage laws and the Fair Labor Standards Act ("FLSA"). Docket No. 1 at 1-2, ¶ 1. Plaintiffs allege that Holtzman required its employees to perform off-the-clock work, failed to provide rest breaks, and improperly deducted meal breaks from employees' pay that employees did not receive. Docket No. 38 at 4, ¶ 16; Docket No. 170 at 1. On March 22, 2021, the Court conditionally certified the action as a collective action under the FLSA. Docket No. 68 at 11. The Court required plaintiffs

to send notice to putative FLSA collective members so that those members could opt in to the collective. *Id.* at 11-12. On March 18, 2022, plaintiffs moved to certify a class action under Federal Rule of Civil Procedure 23. Docket No. 128. The parties reached a settlement before the Court ruled on plaintiffs' motion to certify a Rule 23 class action. *See* Docket No. 168.

On August 16, 2022, the parties participated in mediation conducted by Judge William F. Downes (Ret.). Docket No. 141 at 1; Docket No. 168 at 1. Following mediation, the parties negotiated for approximately four months, coming to terms on a class-wide settlement for plaintiffs and a settlement class consisting of Holtzman's current and former employees. Docket No. 168 at 1.

On February 17, 2023, the parties filed a joint motion for preliminary approval of a collective and class action settlement. Docket No. 168. The Court granted the motion on May 22, 2023. Docket No. 170. On July 28, 2023, the parties filed a joint motion for final approval of the proposed collective and class action settlement. Docket No. 173. On the same day, plaintiffs filed a motion for attorneys' fees and costs. Docket No. 174. On August 11, 2023, the Court held a fairness hearing during which members of the putative settlement class had the opportunity to object to the terms of the proposed settlement agreement in accordance with Rule 23(e)(2). Docket No. 175; *see* Fed. R. Civ. P. 23(e)(2). There were no objections. Docket No. 175.

## II. FINAL CERTIFICATION OF COLLECTIVE AND CLASS ACTION

On May 22, 2023, the Court preliminarily certified the following settlement class:

all current and former receptionists, stylists, assistant managers and managers who worked for defendant in Colorado between December 13, 2017 and December 14, 2022.

Docket No. 170 at 8; *see also* Docket No. 168-1 at 7.  The parties now seek final certification of the settlement class.  Docket No. 173 at 4-6.

### A.  Certification of Class Action under Rule 23

Approval of a class action settlement under Rule 23 takes place in two stages.  In the first stage, the Court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement.  In the second stage, after notice is given to the putative class, the Court holds a fairness hearing at which it addresses (1) any timely objections to the treatment of this litigation as a class action, and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms.  Fed. R. Civ. P. 23(e)(2); *see, e.g.*, *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009).

District courts have broad discretion in granting or denying class certification. *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 543 F.3d 597, 603 (10th Cir. 2008).  "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).  A district court may only certify a settlement class if it is "satisfied, after a rigorous analysis," that the requirements of Rule 23 are met, and frequently a district court's "'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim."  *Id*.

A district court may certify a class action if the proposed class satisfies the prerequisites of Rule 23(a) as well as the requirements of one of the three types of

classes identified in Rule 23(b).  Where the plaintiffs apply for class certification, the plaintiffs bear the burden of proving that Rule 23's requirements are satisfied.  *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso*, 386 F.3d 963, 968 (10th Cir. 2004)).

### 1.  Rule 23(a)

Rule 23(a) requires that (1) the class be so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In the order on the motion for preliminary approval, the Court found that each of the requirements was met.  Docket No. 170 at 9-14.  The Court incorporates those findings herein.  Accordingly, the requirements of Rule 23(a) are met.

### 2.  Rule 23(b)(3)

In its order granting preliminary approval of the settlement agreement, the Court preliminarily certified the class under Rule 23(b)(3), *id*. at 28, which states that a class action may be maintained if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and [ ] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Court finds that final certification under Rule 23(b)(3) is appropriate for the same reasons it found preliminary approval was warranted.  *See* Docket No. 170 at 14-16.  Accordingly, the Court finds that the proposed settlement class qualifies for final certification under Rule 23.

### B.  Certification of FLSA Collective Action

The FLSA permits an employee or employees to bring an action "[on] behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b). Courts apply a two-stage approach to determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification.  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  First, a court makes an initial determination as to whether plaintiffs are similarly situated for purposes of sending notice to putative class members.  *Id.* at 1102.  At the "notice" stage, a court applies a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  On March 22, 2021, the Court made this determination and conditionally certified the action as a collective action pursuant to 29 U.S.C. § 216(b).  Docket No. 68 at 11.

After discovery by the parties, a court makes a second determination about whether putative class members are similarly situated.  *See Thiessen,* 267 F.3d at 1102-03.  In deciding whether to certify a collective action at this stage, courts apply a stricter standard and consider several factors, including: "(1) [the] disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."  *Id.* at 1103 (quoting *Vaszlavik*, 175 F.R.D. at 678).

Where plaintiffs seek certification of both a Rule 23 class and a FLSA collective, courts have found that certification of an FLSA settlement collective is appropriate where the plaintiffs have satisfied the conditions required to certify a Rule 23 class

5

because there is significant overlap between what is required for certification of a class under Rule 23 and what is required for certification of a FLSA collective. *See Shahlai v. Comcast Cable Commc'ns Mgmt., LLC,* No. 16-cv-02556-WJM-NRN, 2018 WL 3870129, at *6 (D. Colo. Aug. 15, 2018) ("For essentially the same reasons explained above, as to Rule 23, . . . the Court also finds that preliminary certification of the proposed FLSA class is warranted under the comparatively lenient standard for preliminary certification and notice of an FLSA collective action."); *Hunter v. CC Gaming, LLC*, No. 19-cv-01979-DDD-KLM, 2020 WL 13444208, at *5 (D. Colo. Dec. 16, 2020) ("Given the significant overlap in the requirements between the two standards for Rule 23 classes and FLSA collectives . . ., the court will certify the FLSA settlement collective for substantially the same reasons that it will certify the Rule 23 class."). Accordingly, the Court finds that final certification of a FLSA collective is warranted for the same reasons that warrant certification of a Rule 23 class.

The Court therefore certifies a settlement class under Rule 23 and FLSA § 216(b), defined as "all current and former receptionists, stylists, assistant managers and managers who worked for defendant in Colorado between December 13, 2017 and December 14, 2022."

### III.  FINAL APPROVAL OF SETTLEMENT AGREEMENT

#### A.  Overview of the Settlement Agreement

The settlement agreement provides for a total payment of $650,000 to be distributed to the settlement class members pro rata based on hours worked and to include attorneys' fees, costs, and service awards to the named plaintiffs.  Docket No. 173 at 2; Docket No. 168-1 at 7-8, ¶¶ 2-3.  Each settlement class member will receive at

least $32.00 for each month he or she worked for Holtzman.  Docket No. 173 at 3.  The class members who opted in to the FLSA Collective will receive $32.67 for each week they worked for Holtzman.  *Id.*  The settlement agreement allows each named plaintiff to claim a "service award" of $10,000 subject to Court approval.  *Id.* at 3-4; Docket No. 168-1 at 10, ¶ 7.  Finally, the settlement agreement permits class counsel to seek attorneys' fees not to exceed $195,000 and costs and expenses not to exceed $79,178.83.  Docket No. 173 at 4; Docket No. 168-1 at 8-11, ¶¶ 5-6, 9.

### B.  Notice to Settlement Class

Under Rule 23(e)(1), a district court approving a class action settlement "must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  Rule 23(c)(2)(B) provides, in relevant part, that for "any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  In addition to the requirements of Rule 23, the Due Process Clause also guarantees unnamed class members the right to notice of a settlement.  *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005).  However, due process does not require that each class member receive actual notice to be bound by the adjudication of a representative action.  *Id*.  Instead, the procedural rights of absent class members are satisfied so long as "the best notice practicable [is given] under the circumstances including individual notice to all members who can be identified through reasonable effort."  *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1110 (10th Cir. 2001) (citation omitted).  Thus, the legal standards for satisfying

Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are "coextensive and substantially similar." *DeJulius*, 429 F.3d at 944.

The parties agreed to provide notice to settlement class members in English and Spanish through first class mail, email, and text message.  Docket No. 170 at 26; *see also* Docket No. 173 at 9-10.  In its order preliminarily approving the settlement agreement, the Court approved the parties' notice plan, notice form, and opt-out form, finding that, in addition to satisfying the requirements of Rule 23 and the Due Process Clause, the notice form "conspicuously inform[ed] potential class members that failing to opt out of the Rule 23 class [would] result in the extinguishment of the potential class member's FLSA claims."  Docket No. 170 at 25.  The Settlement Administrator distributed notice to 810 identified class members in accordance with the Court's order preliminarily approving the settlement.  Docket No. 173 at 2 n.1, 9-10.  Of the 156 notices that were first returned as undeliverable, only twelve were returned as undeliverable a second time after the notices were re-mailed.  *Id.* at 10.  The Court finds that this notice procedure satisfies Rule 23(c)(2)(B) and (e)(1) and the requirements of the Due Process Clause.

### C.  Analysis of Hybrid Settlement Agreement Factors

In order to determine whether to grant final approval to a hybrid Rule 23 and FLSA settlement agreement, the Court considers whether: (1) there was a bona fide dispute in an adversarial context concerning disputed questions of law and fact; (2) the plaintiffs were represented by competent and experienced counsel; (3) the settlement agreement was honestly negotiated; (4) the settlement was fair and reasonable, including that the value of an immediate recovery outweighs the mere possibility of

future relief after protracted and expensive litigation; (5) the parties think the settlement is fair; (6) the service payment to the named plaintiff was reasonable; and (7) the release language in the settlement agreement comports with Rule 23 and the FLSA. *See Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 128-32 (D. Colo. 2016) (determining whether to approve a hybrid settlement based on a combination of factors used to evaluate Rule 23 class action and FLSA collective action settlements). In the order on the motion for preliminary approval, the Court found that each of the *Pliego* factors used to evaluate hybrid settlement agreements were satisfied. Docket No. 170 at 17-24. The Court incorporates those findings herein. Accordingly, the Court finds that the settlement agreement satisfies each of the *Pliego* factors. The Court will grant final approval to the settlement agreement.

## IV. ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Plaintiffs filed a motion for attorneys' fees, costs, and service awards. Docket No. 174. Class counsel requests $195,000.00 in attorneys' fees, which is 30% of the settlement fund, and $79,178.73 in costs. *Id*. at 2. In addition, the parties have agreed to a service award of $10,000 for each named plaintiff. *Id.*; Docket No. 173 at 8. No class members objected to the request for attorneys' fees, expenses, or service awards at the fairness hearing. Docket No. 175.

In a certified class action, a court may award reasonable attorneys' fees and costs that are authorized by the parties' agreement provided that (1) the claim for an award is made by a motion under Rule 54(d)(2) and notice of the motion is directed to class members; (2) a class member or party from whom payment is sought may object; and (3) the Court finds facts and states its legal conclusions. Fed. R. Civ. P. 23(h).

9

Under the FLSA, prevailing plaintiffs are entitled to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). The notice provided to class members stated that class counsel would request an attorneys' fee award of no more than $195,000 and costs of $79,178.83. Docket No. 168-2 at 4-5.

### A. Attorneys' Fees

In common fund cases, the Tenth Circuit has "recognized the propriety of awarding attorneys' fees . . . on a percentage of the fund, rather than lodestar, basis." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993); *accord Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994) (holding that, although either method is permissible in common fund cases, "*Uselton* implies a preference for the percentage of the fund method"). Because this is a common fund case and because the fee request is for a percentage of the common fund, the Court will consider the attorneys' fees award using the percentage of the fund approach. *See Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988) (distinguishing common fund and statutory fees cases); *see also Paulson v. McKowen*, No. 19-cv-02639-PAB-NYW, 2023 WL 2528783, at *7 (D. Colo. Mar. 15, 2023).

The "percentage reflected in a common fund award must be reasonable" and the court "must articulate specific reasons for fee awards." *Brown*, 838 F.2d at 454 (citation and internal quotations omitted). In determining the reasonableness of a percentage award, courts apply the *Johnson* factors, which are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee—this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

10

attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 454-55 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)); *see also Gottlieb*, 43 F.3d at 483.  "[R]arely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation."  *Brown*, 838 F.2d at 455-56 ("The court here clearly considered all of the relevant *Johnson* factors and applied them appropriately.").  Thus, in evaluating the reasonableness of a fee award, a court need not specifically address each *Johnson* factor.  *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1083 (10th Cir. 1998).

Class counsel spent four years and a combined 527 hours litigating this case. Docket No. 174 at 4; Docket No. 174-1 at 3-4, ¶ 6; Docket No. 174-3 at 5, ¶ 11; Docket No. 174-4 at 4, ¶ 8.  Class counsel have significant experience in class action cases and employment law litigation, as reflected in their histories provided to the Court.  *See* Docket No. 174-1 at 3, ¶ 4; (describing Shelby Woods' experience with employment law cases); Docket No. 174-3 at 3-4, ¶¶ 3, 5-9 (describing Adam Murdoch-Kitt Harrison's experience with employment law cases); Docket No. 174-4 at 3, ¶ 5 (describing Claire E. Hunter's experience with class action disputes).  In addition, class counsel took this case on a contingency basis, *see* Docket No. 174 at 7-8, adding to the risk class counsel incurred by bringing this case.  *See In re Crocs, Inc. Secs. Litig.*, No. 07-cv-02351-PAB-KLM, 2014 WL 4670886, at *4 (D. Colo. Sept. 18, 2015) ("A contingent fee arrangement often weighs in favor of a greater fee because such a large investment of money and time places incredible burdens upon law practices." (internal alterations, quotations, and citation omitted)).  A fee of one-third of the common fund is typical in complex cases.  *See id*. at *3 (collecting cases).  Class counsel's fee request is 30% of

11

the common fund.  Docket No. 174 at 2, 8.  Furthermore, the proposed settlement ensures that the class members will receive compensation without the risk associated with trial, appeal, or a bankruptcy proceeding, which presents a significant advantage over continued litigation, since it is doubtful that Holtzman would be capable of paying the damages alleged by the putative class if the class were to prevail at trial.  *Id.* at 8-9; *see also* Docket No. 168 at 25 ("the class-wide damages claimed by Plaintiffs, even just with respect to the alleged rest break violations, far exceed amounts Defendant would be able to pay should Plaintiffs succeed in obtaining judgment").  The Court finds that, under the *Johnson* factors, an award of $195,000 in attorneys' fees to class counsel is reasonable.[1]  Accordingly, the Court awards class counsel $195,000 in attorneys' fees.

### B.  Costs

Class counsel requests $79,178.83 in costs.  Docket No. 174 at 2, 11.  Class counsel states that the costs include expert witness fees, filing fees, service fees, deposition costs, and legal research subscriptions.  *Id.*; Docket No. 174-2.  The Court finds that these costs are reasonable and therefore awards class counsel $79,178.83 in costs.

### C.  Incentive Award

"Courts have recognized that an award may be appropriate to provide an incentive to act as a named plaintiff."  *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 467 (10th Cir. 2017).  Additionally, "courts

---

[1] Furthermore, class counsel represents that, under the lodestar method, they would have incurred $195,892.35 in attorneys' fees as of July 28, 2023.  Docket No. 174 at 10.  The Court finds that the loadstar cross-check weighs in favor of the reasonableness of the award.

regularly give incentive awards to compensate named plaintiffs for the work they performed—their time and effort invested in the case." *Id*. at 468 (collecting cases). The proposed settlement will grant each named plaintiff a service award of $10,000. Docket No. 173 at 8; Docket No. 168-1 at 10, ¶ 7.  The named plaintiffs "worked toward a class-wide settlement" and spent "many hours of their time responding to written discovery, sitting for depositions, and meeting with their counsel."  Docket No. 173 at 8. As the Court stated in its previous order, an award of $10,000 is within the range of awards that courts have approved in comparable cases.  *See* Docket No. 170 at 22-23 (citations omitted).  The Court finds that service awards of $10,000 are fair and reasonable based on the named plaintiffs' involvement in this case.  Therefore, the Court awards each representative plaintiff a service award of $10,000.

## V. CONCLUSION

Therefore, it is

**ORDERED** that the Joint Motion for Final Approval of Proposed Collective and Class Action Settlement [Docket No. 173] is **GRANTED**.  It is further

**ORDERED** that Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs [Docket No. 174] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b), and for the purposes of settlement only, the settlement class is certified as follows:

> all current and former receptionists, stylists, assistant managers and managers who worked for defendant in Colorado between December 13, 2017 and December 14, 2022.

It is further

**ORDERED** that the Court finds, solely for the purposes of this settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the members of the settlement class are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the named plaintiffs are typical of the claims of the class; (d) the named plaintiffs and plaintiffs' counsel have fairly and adequately represented and protected the interests of all of the class members; and (e) questions of law or fact predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  It is further

**ORDERED** that the Court finds that the notice given to members of the class was the best notice practicable under the circumstances, was reasonably calculated under the circumstances to apprise such members of the pendency of this action and to afford them an opportunity to object to, and meets the requirements of Rule 23 (c)(2)(B) and (e)(1).  Because the Court has afforded a full opportunity to all class members to be heard, the Court further determines that all members of the class are bound by the settlement agreement.  It is further

**ORDERED** that, pursuant to Rule 23(e)(2), this Court finds that the settlement agreement is fair, reasonable, and adequate.  Accordingly, the Court gives final approval to the settlement agreement in all respects and authorizes and directs the parties to consummate the settlement agreement in accordance with its terms and provisions.  It is further

**ORDERED** that plaintiffs shall file the settlement agreement as a separate docket entry within **seven days** of the entry of this Order.  It is further

**ORDERED** that the parties and their counsel shall fulfill their obligations and duties under the settlement agreement.  It is further

**ORDERED** that the representative plaintiffs and all class members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the claims released by the settlement agreement.  It is further

**ORDERED** that class counsel is awarded $195,000 from the settlement fund, which represents thirty percent of the net settlement fund.  It is further

**ORDERED** that the named plaintiffs Faith German and Ashlyn Hoffman are each awarded a service award of $10,000 from the settlement fund.  It is further

**ORDERED** that class counsel shall be reimbursed $79,178.83 in costs from the settlement fund.  It is further

**ORDERED** that neither this Order nor the settlement agreement is an admission or concession by defendant Holtzman Enterprises, Inc. respecting any facts, liabilities, or wrongdoing.  It is further

**ORDERED** that, without affecting the finality of this Order, this Court retains jurisdiction to consider all further matters arising out of or connected with the settlement agreement, including its implementation.  It is further

**ORDERED** that judgment shall be entered dismissing this case with prejudice.

DATED February 27, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge